This case is before us on an appeal by plaintiff from a judgment of the District Court sustaining an exception of no right or cause of action. *Page 234 
Plaintiff's petition sets forth that on March 25, 1947, it signed a contract with R. Leo Ball to furnish certain doors, windows and other mill work for a lump sum of $518.00; that the work was completed and the material delivered and accepted as satisfactory on April 28, 1947.
The plaintiff further alleged that defendant A. K. Ammen assumed this obligation of R. Leo Ball by virtue of his becoming a party to the letter-contract copied below:
"Alexandria, Louisiana May 22d 1947
"Mr. A. K. Ammen Bettes Building DeSoto Street Alexandria, Louisiana
"Dear Mr. Ammen:
"In line with our discussions of yesterday you are familiar with my financial condition and doubtless realize that under the circumstances it would be impossible for me to continue in the Contracting business or to complete the various contracts which you are financing.
"I need not particularly itemize these contracts, but I have reference to every uncompleted contract on which you have advanced money.
"Since you are able to complete these contracts, please accept this letter as my written authority for you to go ahead and complete the contracts at the earliest possible time as you in your judgment may see fit and apply any amount due me under the contracts toward the liquidation of my indebtedness to you.
"This will be your authority to receipt for me for the amounts due me and to give full discharge for the payment of same and I authorize you to use your discretion in any and all matters pertaining to this work.
"Thanking you, and with kindest regards, I am,
Yours very truly,
/s/ R. Leo Ball R. Leo Ball, Owner Ball and Ossenbeck Contractors
"Accepted: /s/ A. K. Ammen
A. K. Ammen"
The petition further stated that the effect of the above contract was to release R. Leo Ball from any further contractual duties in connection with the operations financed by the defendant, and that "defendant then and there assumed all of the obligations, duties and operations of R. Leo Ball, et al," and that a valuable consideration was given by R. Leo Ball, to-wit, a second mortgage in the sum of $4000.00 upon his home.
In further substantiation of their claim that defendant Ammen was responsible to plaintiff for the $518.00 debt due for materials furnished Ball, plaintiff's petition contained the following paragraphs:
"That altho R. Leo Ball et al, held themselves forth as contractors, they were in fact agents of the defendant; that it was the practice of R. Leo Ball et al, to receive invoices for work done on the sub-contracts they gave out on jobs financed by defendant; that the various sub-contractors knew that R. Leo Ball et al had no financial reserve of their own to pay for said work, but they relied on the defendant to pay for same and had a right to rely on defendant to continue paying for same since defendant in the past had caused previous sub-contractors on jobs financed by him and assigned thru and by R. Leo Ball et al, to receive payment per their respective invoices.
"That, inter alia, the facts establishing the relation of principal and agent between defendant as principal and R. Leo Ball et al, as agent, are these: that as each subcontractor submitted his invoice, R. Leo Ball et al, would take said invoice to defendant; that R. Leo Ball et al would sign a check as payor but defendant caused to be inserted the name of the payee and the amount defendant wished to pay payee on the invoice; that defendant would then cause these completed checks to be sent thru the United States mail to the various creditors of R. Leo Ball et al acting in behalf of defendant; that defendant would then cause to be deposited in the Rapides Bank Trust Company, the paying bank, a sum sufficient to cover the checks he authorized to be sent to the creditors; that the bank account was in the name of R. Leo Ball et al, but at no time did R. Leo *Page 235 
Ball et al have any control over the same independent of the wishes, instructions and actions of the defendant.
"That R. Leo Ball et al told creditors that the various jobs he was subcontracting to them were being financed by the defendant, and that defendant did pay for work done on various lettings, sub-contracts, jobs and work done for his account; that defendant honored the contractual obligations of R. Leo Ball et al until on or about April 28, 1947, when the instant plaintiff's demand for five hundred and eighteen dollars ($518.00) was ignored; said sum being justly due and undisputed. Amicable demand having failed plaintiff brings this action."
Plaintiff in brief calls our attention to the fact that the petition in paragraphs six and seven sets forth that Ball, in the carrying out of his contracts, acted as agent for defendant Ammen.
For the purpose of passing on an exception of no cause or right of action, all well pleaded allegations are accepted as true. Plaintiff in petition has set forth that it has furnished more than $500.00 worth of material, etc. to R. Leo Ball, et al; that R. Leo Ball, et al were agents of the defendant and that therefore defendant is responsible for the debt contracted by Ball. These allegations are sufficient to set forth a cause of action against the defendant, unless the other allegations of the petition are such as to plainly and affirmatively show that the relationship of principal and agent did not exist between defendant and R. Leo Ball.
We agree with the District Court in finding that the letter-contract attached to the petition and the other facts set forth in the petition are not sufficient to establish the relationship of principal and agent and that — granting that plaintiff could establish these facts — it would nevertheless not be entitled to judgment against defendant. However, we must take notice that paragraph seven of plaintiff's petition sets forth the circumstances enumerated as being facts "inter alia" which established the alleged relationship of principal and agent. The petition does not affirmatively show that plaintiff cannot establish this relationship by competent evidence of other facts not set forth in the petition.
As stated in West v. Ray, 210 La. 25, 26 So.2d 221, the general tendency is to be reasonable and even liberal in construing pleadings, with a view of the prompt disposition of the case on its merits and for the courts not to favor dismissal of a petition which adequately states a cause of action because additional information has been included in the petition which makes it probable — but not certain — that plaintiff cannot sustain the cause of action he has pleaded against the defendant.
For the reasons assigned, the judgment appealed from is set aside and the case is remanded for further proceedings in accordance with law. Costs of appeal to be paid by defendant. Other costs to await the final outcome of the litigation.
TALIAFERRO, KENNON and HARDY, JJ., sitting.