PROVO STY, J.
The son of plaintiff was run over and killed by the train of the defendant company, composed of a motorcar and two trailers, which operates between Spanish Fort and the central part of the city; and this suit is in damages.
The accident occurred at night about 300 feet from where the railroad turns from the lake shore and follows the bank of the New Basin Canal towards the- city. The neighborhood is open country, except for a boathouse between the canal and the railroad track; and the right of way there is private property leased by the defendant company. Some soldiers were disembarking at this boathouse; and, according to the testimony of two of plaintiff’s witnesses, who were standing on the front platform of the motorcar, the motorman’s attention was so firmly riveted on these soldiers that it was only after one of these witnesses had “hollered” to him a second time that a man was on the track that he turned and looked ahead. According to these witnesses, the man was walking on the track, and was about half a block away when the witness first saw him, but was about 20 feet away when the attention of the motorman was finally attracted to him — too late to avoid the accident. The conductor’s statement is that he was looking ahead, and that the first he knew of the presence of the deceased upon the track was when he saw something white on the grass between the tracks about 20 feet ahead too late to avoid the accident; that the train was going fast, and the headlight was dim.
Defendant sought to prove that the deceased was drunk, and had probably fallen where he lay on the track. Plaintiff, on the other hand, sought to prove that he was entirely sober.
Assuming the case to be as plaintiff would have it, there can be no recovery, for the reason that the contributory negligence of the deceased continued down to the moment of the accident. When, in the possession of all his faculties, he remained upon this railroad track in danger of being hit by a train that might come at any moment, his chance of seeing the train and getting out of the way was as good as that of the motorman of seeing him in time to avoid running him down; so that the last clear chance doctrine cannot be said to apply to the case. 25 R. C. L. 1258, § 118; 36 Cyc. 1530.
The judgment appealed from is set aside, and the suit is dismissed at plaintiff’s cost.