## BURMASTER v. TEXAS PACIFIC–MISSOURI PACIFIC TERMINAL R. R. OF NEW ORLEANS.

### No. 16562.

Court of Appeal of Louisiana. Orleans.

May 3, 1937.

Maurice B. Gatlin, Adam H. Harper, and Alexander C. Granzin, all of New Orleans, for appellant.

Dufour, St. Paul, Levy & Miceli, of New Orleans, for appellee.

McCALEB, Judge.

This is an action ex delicto brought by the plaintiff on her own behalf as surviving widow and in her capacity as natural tutrix of her minor children for recovery of damages for the alleged negligent killing of her husband by one of the railroad trains owned and operated by the defendant company.

An exception of no cause of action was filed to the petition on the ground that the averments therein contained conclusively establish such contributory negligence on the part of the deceased, as to bar recovery. The district judge sustained this exception and dismissed the plaintiff's suit. She has appealed from his decision.

The pertinent allegations of the petition concerning the occurrence of the accident and the negligent acts ascribed to the defendant company are contained in articles II and V thereof, which read as follows:

"Article II: On February 25, 1935, about the hour of 5:30 o'clock a. m. John Edward Hughes, who was then the lawful husband of petitioner and father of said minor children, lawful issue of his marriage with petitioner, was proceeding through the railroad yards of defendant and upon reaching a point near Lamarque Street and the Mississippi River Levee in Algiers, Louisiana, and while walking on or near one of the switch tracks, owned and maintained by defendant in connection with its business as a carrier of freight and passengers and for the operation of its trains and engines, was run into, knocked down and severely mangled and injured as hereinafter set forth by a locomotive engine and cars, owned by defendant, and then and there being operated by its agents, servants and employes who were then acting within the course and scope of their employment."

"Article V: The injuries, mangling and death of petitioner's husband were due solely and entirely to the gross fault and negligence and want of care of defendant, its agents, servants and employes within the course and scope of their employment; in failing to furnish proper and sufficient lighting facilities on said engine and in said yards; in failing to maintain a proper lookout; in failing to note the presence of petitioner's husband near or on said switch track, at a point where deceased was proceeding with the knowledge and consent of defendant, which said point was, to the knowledge of defendant, constantly used by persons, both employes and non-employes of defendant company, through and to the other side of said yards; in failing to sound any warning of the approach of said engine; and generally in failing to exercise that degree of care which a prudent person would exercise under the circumstances."

The defendant argues that, under the well-settled jurisprudence of this state, the above-quoted averments disclose contributory negligence on the part of the deceased, effectively demonstrating his failure to exercise the care required of a person walking on or near a railroad track and that, under circumstances such as those alleged in the petition, recovery in damages will not be permitted. Reliance is placed in the following cases: White v. Illinois Central Ry. Co., 114 La. 825, 38 So. 574; Harrison v. Louisiana Western R. Co., 132 La. 761, 61 So. 782; Castile v. O'Keefe, 138 La. 479, 70 So. 481; Woods v. Longville Lbr. Co., 141 La. 267, 74 So. 990; Vanon v. La. Ry. & Nav. Co., 143 La. 1085, 79 So. 869; Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 So. 697; Hudson v. N. O. Ry. & Light Co., 147 La. 56, 84 So. 492; Saitta v. Y. & M. V. Ry. Co., 153 La. 1099, 97 So. 261; Vappi v. Morgan's La. & T. R. & S. S. Co., 155 La. 183, 99 So. 31; Jarrow v. City of New Orleans, 168 La. 992, 123 So. 651; Chargois v. Morgan's La. & T. R. & S. S. Co., 148 La. 637, 87 So. 499.

On the other hand, the plaintiff maintains that, under the decision in Gibbs v. Illinois

Central Ry. Co., 169 La. 450, 125 So. 445, 447, the correct rule was stated by the Supreme Court to be that a plea of contributory negligence is a special one, the defendant having the burden of establishing the same to the satisfaction of the court, and that the court is without right to dismiss a suit in damages on exception, even though the petition contains averments showing contributory negligence on the part of the plaintiff because such negligence cannot be determined in advance of a trial on the merits. It is true that the court did announce the view, in the Gibbs Case, that every action in damages for personal injury or death must be decided upon its own particular facts and that the prior jurisprudence was not to be construed as laying down an inflexible rule that any person who goes upon a railroad track and is run down or killed by a train is barred from recovery, regardless of the circumstances under which the accident occurred. However, the court also recognized, in distinguishing the case of Chargois v. Morgan's La. & T. R. & S. S. Co., supra, from the matter then under consideration, that, where the allegations of the petition are such as to conclusively show contributory negligence on the part of the plaintiff, an exception of no cause of action directed against those averments will be sustained.

This court has recently had occasion to maintain exceptions of no cause of action directed at allegations of petitions exhibiting contributory negligence on the part of plaintiffs in the cases of Louisiana Power & Light Co. v. Louis Saia et al. (La.App.) 173 So. 537, 540 (decided on April 5, 1937) and Albert Arso, Jr. v. Rudolph Schulze et al. (La.App.) 173 So. 560 (decided April 19, 1937). In the first of these cases, following the rule laid down by the Supreme Court in the Gibbs Case (that it is not proper to dismiss a suit sounding in damages on an exception of no cause of action unless the petition sets forth affirmatively facts which show that no cause of action exists), and, in maintaining the exception of no cause of action, we said: "* * * but here we think that the petition affirmatively shows the absence of a cause of action and that, therefore, the suit was properly dismissed on exception in the court below."

In each of the two cases cited above, the plaintiff, operating his automobile, had collided with a stationary object and we found that the fact that the collision occurred was sufficient to raise a presumption of negligence on the part of the plaintiff and that, although this inference could be rebutted, the plaintiff had set forth in detail his reason why the accident occurred and that these particulars were such as to conclusively establish his contributory negligence.

This case involves the question as to whether the deceased, in walking on or near the railroad track of the defendant, is guilty of such negligence which of itself precludes recovery in view of the attending circumstances set forth in the petition. There is a wealth of authority respecting the liability of railroads to persons who are injured while walking on or crossing over railroad tracks. But most of these cases were determined on the evidence presented at the trial. Prior to the decision of the Supreme Court in the Gibbs Case, there had been only one case decided by it wherein an exception of no cause of action had been sustained to the petition on the ground that the plaintiff was guilty of contributory negligence by reason of his presence on or near the railroad track. That was the Chargois Case, which was distinguished by the court in the Gibbs Case.

At the outset, it should be noted that an exception of no cause of action admits all facts well pleaded and, accordingly, where the exception is leveled at the contributory negligence alleged in the petition, the defendant concedes that it was guilty of the primary negligence charged against it. Hence, in this case, the defendant railroad admits, for the purpose of this exception, that it was guilty of primary negligence "in failing to furnish proper and sufficient lighting facilities on said engine and in said yards; in failing to maintain a proper lookout; in failing to note the presence of petitioner's husband near or on said switch track, at a point where deceased was proceeding with the knowledge and consent of defendant, which said point was, to the knowledge of defendant, constantly used by persons, both employes and non-employes of defendant company, through and to the other side of said yards; in failing to sound any warning of the approach of said engine. * * *." With this concession of primary negligence on the part of the defendant, it is necessary to investigate the allegations of the petition, concerning the deceased's conduct, which defendant claims exhibit a plain case of contributory negligence on deceased's part. The only averments, referring to the actions of the deceased prior to the occurrence of the accident, are that he

"was proceeding through the railroad yards of defendant and upon reaching a point near Lamarque Street and the Mississippi River Levee in Algiers, Louisiana, and while walking on or near one of the switch tracks, owned and maintained by defendant in connection with its business as a carrier of freight and passengers and for the operation of its trains and engines, was run into, knocked down and severely mangled. * * *" Can it be said that the foregoing averments disclose such contributory negligence on the part of the deceased which debar his survivors from recovering for his negligent killing under any and all circumstances which may be developed at the time the case is tried on its merits?

Counsel for defendant point with confidence to the allegations contained in the Chargois petition and argue that the cases may not be distinguished. In that matter, the petition alleged that the plaintiff set out on foot to walk from the town of Lafayette, La., to his home in the country near Mouton's switch; that at a point about one and one-half miles from Lafayette, while walking in the direction of Mouton's switch, he was struck by a locomotive drawing a line of freight cars, which approached him from the rear and in the direction of Lafayette; that prior to and at the time the plaintiff was struck, he was walking in the middle of the track between the rails in plain view of the operators of the locomotive; that the operators of the train did not exercise the proper lookout; that no attempt was made to stop the train; that no warning signal was given by the locomotive to apprise the plaintiff of his danger and afford him an opportunity to save himself; that, although it was about dusk at the time the accident occurred, no headlight was maintained to illuminate the track ahead, and that the plaintiff did not hear the approaching train nor become aware of its approach in time to save himself by leaping from the track. On these charges, the Supreme Court maintained the exception of no cause of action and said: "According, therefore, to his own unqualified allegation, plaintiff, when injured, had deliberately chosen, for pedestrian use, a road especially constructed for the use of vehicles propelled by steam over iron rails, and which were to be expected at any moment to approach him from either front or rear, which cannot be operated over any other kind of road, are not so readily controlled, and hence are more dangerous to those who place themselves in their way than other vehicles, operated on other roads, although it is to be presumed that other roads, intended for other vehicles and for pedestrian use, were open to him; and, having done so, it is inferred, in the absence of any allegation to the contrary, that he exercised no precaution whatever, either in the way of looking or listening for the approach of a train, but left the matter of his protection from the dangers to which he had thus subjected himself entirely to the vigilance of defendant's employees, up to the very moment of the accident."

In Gibbs v. Illinois Central R. Co., supra, the facts alleged in the petition, with reference to the happening of the accident, were that Gibbs was walking along the right of way of the tracks of the defendant company coming towards New Orleans, as is common of pedestrians in that locality, all to the knowledge of the defendant; that it was the duty of the railroad company, its agents and employees in charge of the train, according to custom and practice, to give some signal or warning of the approaching train, particularly as it was run at a great rate of speed; but that the company failed in this duty and struck Gibbs. In overruling the exception of no cause of action leveled at the contributory negligence of Gibbs, the court said:

"In our opinion, the allegations of plaintiff's petition do not unmistakably and affirmatively show that the deceased, Gibbs, was guilty of such negligence as would convict him of contributing to and causing his own death, and to exonerate the railroad company from running him down and killing him.

"It may be that, when the case is tried and all of the facts are put before the court, no alternative will be left the court but to find that the deceased contributed to his own death in such a manner as to bar recovery by his widow.

"Contributory negligence is a special defense, and unless the facts alleged, which are accepted as true for the purpose of the trial of an exception of no cause of action, show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was the proximate cause of his death, the exception should not be maintained."

The opinion of the court in the Gibbs Case further distinguishes that case from the Chargois Case on the ground that, in the

latter, the petition alleged the details of the accident about as fully, completely, and minutely as could have been done.

We find that, in the case at bar, the allegations of plaintiff's petition are substantially the same as those in the Gibbs Case. The rule laid down in that case has, so far as we have been able to discover, never been overruled by the Supreme Court.

Counsel for the defendant in oral argument tell us that the Gibbs Case has been impliedly overruled by the decision in Sizemore v. Yazoo & M. V. R. Co. (La.App.) 164 So. 648. They are, however, mistaken in their postulation, because the Sizemore Case was decided by the Court of Appeal for the Second Circuit and not by the Supreme Court. The Gibbs Case was neither cited nor discussed in that opinion. There, it appeared that the plaintiff fell asleep at a point on or near the tracks of the defendant company and, while thus sleeping, he threw his left arm over the track rail behind him and a freight car of the defendant rolled down the tracks over his arm and crushed it. The court, relying upon the authority of Vappi v. Morgan's L. & T. R. & S. S. Co., supra, held that the averments of the petition conclusively exhibited contributory negligence on the plaintiff's part and sustained the exception of no cause of action. The Vappi Case is cited by the Supreme Court in the Gibbs Case, and, in the latter, the court remarks that the rulings, in the Vappi and other similar railroad accident cases, were based upon the particular facts as developed on trials of their merits and were not considered on exceptions of no cause of action. The court, in the Sizemore Case, also relies upon the Chargois Case and concludes that Sizemore was a trespasser on the property of the defendant company. But, as we have heretofore noted, the Gibbs Case is not mentioned in the opinion and we must assume that, had the attention of the court been directed to that case, it would have recognized its duty to follow that authority, unless the allegations of the petition, there considered, could have been successfully distinguished.

■ The Supreme Court, in the Gibbs Case, has laid down a broad rule with respect to the sufficiency of petitions in damage suits where allegations are made which inferentially disclose contributory negligence on the part of the plaintiff. We understand that doctrine to mean that an exception of no cause of action can never be meritoriously pleaded to a petition sounding in damages for personal injury or death on the ground of contributory negligence of the plaintiff, unless its charges are such as to exclude every other reasonable hypothesis other than that the sole and proximate cause of the accident was due to the contributing fault of the plaintiff.

■ In the case at bar, the plaintiff has set forth that the deceased was walking in the freight yards of the defendant on or near one of its switch tracks with the knowledge and consent of the defendant and that, while so doing, he was run over by one of the defendant's trains. There are no allegations specifically ascribing the reason why he failed to hear or see the oncoming train, and why, if he did see or hear it, he could not have averted the accident. But a plaintiff is not required to negative contributory negligence in his pleadings, and, unless the charges made affirmatively convict him of such fault, as being the proximate and immediate cause of the occurrence, the petition will be upheld. There is an allegation in plaintiff's petition that defendant's yards were insufficiently lighted and that, moreover, the defendant was negligent in not maintaining sufficient lighting facilities on its engine and, on this averment, an inference might be logically drawn that, because of the insufficient lighting, the deceased was unable to see the engine at the time it approached.

The court observed, in the Gibbs Case, that it did not understand that the prior adjudicated cases intended to lay down as an inflexible legal proposition that any person who goes upon a railroad track and is run down is debarred from recovering regardless of the circumstances under which the accident occurred. We cannot foretell, under the allegations of the petition now before us, what will be developed at the trial regarding the circumstances under which the deceased met his death, and we cannot fairly say that the petition before us affirmatively shows that the deceased was guilty of such negligence as would adjudicate him of guilt in contributing to and causing his own death and exonerate, as a matter of law, the railroad company from running him down and killing him.

Being controlled by the view of the Supreme Court in the Gibbs Case, we conclude that the district judge was in error in maintaining the exception of no cause of action. It is therefore overruled.

For the reasons assigned the judgment appealed from is reversed and it is now

ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceeding according to law and consistent with the views herein expressed. Defendant to pay the costs of this appeal.

Reversed and remanded.