there be judgment herein dismissing both the main and the reconventional demands.

Reversed.

Cyril F. Dumaine, of New Orleans, for appellant. Charity Hospital of State of Louisiana.

I. E. Uzzo and James J. Landry, both of New Orleans, for plaintiff appellant.

Raymond H. Kierr, of New Orleans, for appellee.

## CUNEO v. WADDELL (CHARITY HOSPITAL OF STATE OF LOUISIANA, Intervener).

### No. 17187.

Court of Appeal of Louisiana. Orleans.

June 12, 1939.

McCALEB, Jr., Judge.

The plaintiff, Mrs. Mae Cuneo, and the intervenor, Board of Administrators of the Charity Hospital of Louisiana at New Orleans, have appealed from a judgment dismissing plaintiff's suit on the defendant's exception of no cause of action.

Plaintiff seeks the recovery of damages for personal injuries sustained by her on December 28, 1938, when she was struck by an automobile operated by the defendant at St. Charles Avenue and Clio Street in the City of New Orleans. The defendant's exception of no cause of action is founded upon the theory that the allegations of plaintiff's petition clearly disclose that the accident would not have occurred but for the plaintiff's contributory negligence which is such as to bar her recovery.

The pertinent allegations of the petition read as follows:

"2. That on the 28th day of December, 1938, at or about the hour of 6:15 P. M., while your petitioner was crossing St. Charles Avenue at Clio Street from the lakeside towards the river and after she had left the sidewalk, a distance of about 8 or 10 feet, was struck and knocked down by an automobile then and there being driven by the aforementioned defendant, Mrs. Marie Waddell, causing the injuries hereinafter shown.

"3. Petitioner further shows that she was crossing St. Charles Avenue on the uptown side of Clio Street and that she looked before entering the roadway and seeing no automobile approaching her and that she was knocked down because of the gross negligence of the defendant, above named in that,

"a. That the driver of said automobile was not keeping a proper lookout ahead and further that she did not have her car under control as to avoid the accident.

"b. That she was driving the said automobile at an excessive rate of speed in excess of 45 miles per hour, in violation of the

traffic regulations of the City of New Orleans being Commission Council Series No. ———.

"c. That the said driver made no attempt to stop her said car, in order to avoid the accident or that if she did, her brakes were defective and. ineffective.

"d. That the defendant made no attempt to turn her car, in order to avoid the accident or that if she did same failed to properly respond, because steering apparatus of said car was defective and ineffective."

Counsel for the defendant argues that the foregoing allegations demonstrate that the plaintiff walked into the roadway at a time when she should have observed the defendant's car approaching her at an excessive rate of speed and out of control and that, since the law has imposed upon her the duty of seeing what she should have seen, her failure in this respect is to be regarded as the proximate and efficient cause of the accident.

■ We do not think so. The Supreme Court held otherwise in Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445. In the recent case of Burmaster v. Texas Pacific Missouri Pacific T. R. R. Co., La. App., 174 So. 135, 139, we had occasion to review the prior jurisprudence, respecting the maintenance of an exception of no cause of action in a suit for personal injuries, where the exception was leveled at allegations exhibiting contributory negligence on the part of the plaintiff. In concluding that the plea was not tenable, we observed:

"The Supreme Court, in the Gibbs case, has laid down a broad rule with respect to the sufficiency of petitions in damage suits where allegations are made which inferentially disclose contributory negligence on the part of the plaintiff. We understand that doctrine to mean that an exception of no cause of action can never be meritoriously pleaded to a petition sounding in damages for personal injury or death on the ground of contributory negligence of the plaintiff, *unless its charges are such as to exclude every other reasonable hypothesis other than that the sole and proximate cause of the*

*accident was due to the contributing fault of the plaintiff.*" ' (Italics ours.)

■ The foregoing quotation is a complete answer to the postulations of the defendant's counsel. While it is manifest that plaintiff's allegations indicate negligence on her part (in that she says she failed to see the defendant's automobile, which was approaching at a fast rate of speed, at the time she walked into the street), it does not follow that her recovery in the case is necessarily precluded for that reason. It may be that, at the time she entered the roadway, her view was obstructed and that she was justified under the surrounding circumstances in believing that no automobile would be driven over the street at a reckless rate of speed. Moreover, it may develop that, although plaintiff should have seen the approaching car, the defendant had a last clear chance to avoid the accident. At all events, plaintiff was not required to negative her own contributory negligence by alleging in the petition the reason why she did not see the oncoming car. The question as to who is to blame for the accident can only be answered after the case is tried upon its merits.

■ It is to be conceded that there are cases where exceptions of no cause of action founded upon the contributory negligence of the plaintiff will be sustained. See Louisiana Power & Light Co. v. Saia, La.App., 173 So. 537, and Arbo v. Schulze, La.App., 173 So. 560. But, in order for the exception to be well founded, it must appear that the facts alleged in the petition are such as to conclusively establish that the plaintiff's fault is the proximate cause of the accident. The averments of the petition now under consideration do not fall within that category.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed. The defendant to pay the costs of this appeal, other costs to await the final determination of the case.

Reversed and remanded.