KENNON, Justice.
 

 This is an appeal from a judgment sustaining an exception of no cause and no right of action and dissolving a writ of attachment issued upon a petition in which it is alleged that the plaintiff and defendant had obligated themselves in solido on a promissory note, which plaintiff paid in full, after calling in vain upon the defendant for his one-half share.
 

 The petition also set forth that the funds obtained were used in a joint venture and the defendant filed exception of no cause and no right of action on the ground that the petition thus set up the existence of a. .partnership and, as- expressed in his motion to dissolve the writ of attachment that “ * * * Until the partnership is dissolved, an accounting made, and it is determined an amount is due plaintiff by defendant as a result of such accounting, plaintiff has no right of action * *
 

 The trial court, without hearing testimony, sustained the exception and dissolved the attachment. Plaintiff appealed.
 

 The basis for defendant’s contention that the petition disclosed a partnership is contained in paragraph 4 of the petition,' which we quote:
 

 “That the consideration for the aforesaid note was a loan by said bank to petitioner and defendant for the face amount of said note;
 
 that the funds realised by defendant and petitioner from this said loan were used jointly by them in a joint venture they had undertaken;
 
 that the note was to be repaid by both in equal amounts, i.e., petitioner was to pay one-half thereof and defendant was to repay one-half thereof.” (Italics ours.)
 

 The plaintiff, in argument and brief, concedes the general principle of law that an action by one partner against another can only be brought at the close of the partnership and then for a settlement of the account, but urges that there are many exceptions to the general rule and that the language of the petition is not such as to disclose affirmatively that, at the time of the institution of the suit, the partnership relation still existed, or that the cáus'e of action herein did not fall within one of the recognized exceptions.
 

 A reading of the paragraph in question does not make it certain that the obligation sued on is necessarily one which does, not fall within one of the recognized exceptions to general rule prohibiting actions, by one partner against another.
 

 In 21 A.L.R. 27, exceptions are listed' with supporting citations. The rule is set
 
 *30
 
 forth in 21 A.L.R. 60, as follows: “Broadly speaking, it might be said that one partner may maintain an action at law against another partner if the relief sought does not involve the taking of an accounting of complicated or numerous partnership transactions, but not if such accounts are involved.”
 

 In the case of Rondeau v. Pedesclaux, 3 La. 510, 23 Am.Dec. 463, this Court held that one partner could maintain against another an action on a note “ * * * given in pursuance of the article of partnership”, even though the partnership was still in existence and there had been no settlement of accounts.
 

 The petition discloses no facts which clearly either hring the pase within, or exclude the case from' the applicability of any of the several exceptions to the general rule prohibiting one partner from suing a copartner. In view of this, defendant argues that plaintiff’.s allegations must be construed strictly against the pleader; and that having alleged the existence of the joint venture or partnership, the petition discloses no right or,cause of action since it fails to allege further facts, bringing the case within the application of one of the exceptions to the general rule. Plaintiff contends that the existence of the partnership is a matter of affirmative defense; and that it cannot be sustained on the face of the allegations of the petition alone, unless the facts alleged by plaintiff clearly and •unequivocally negative the applicability of all of the exceptions to the general rule relied on by defendant.
 

 Technical objections and harsh rules of pleading which would dispose of litigants’ cases without a hearing on the merits have never been favored under Louisiana law. The modern federal rule and general tendency in all States is to be reasonable apd even liberal in construing or interpreting pleadings with a view of a prompt disposition of the case on its merits, after full hearing by both parties, and where the petition fairly informs the defendant of the nature of plaintiff's claim, the modern court will not favor dismissal and the delays incident thereto because additional information has, been included which may, grantjng that additional facts are true, be expanded into a defense against the cause of action set forth by the petition. In the current case, the matters covered by the exceptions can properly be interposed by defendant as a defense and no injustice can be worked against him by the overruling of the exceptions.
 

 Professor Henry G. McMahon of Louisiana State University Law School, in his article on “The Exception of No Cause of Action in Louisiana,” 9 Tulane Law Review 17, 23, has summarized the law of this State on the subject of urging affirmative defenses through the use of the procedural exception in question, as follows: “Ordinarily, an affirmative defense cannot be raised through the medium of the exception of no cause of action, but this rule is sub
 
 *32
 
 ject to well-settled exceptions: thus where the facts (as alleged by plaintiff in his petition) disclose a clear case of contributory negligence, the case will be dismissed through a sustaining of the exception. Similarly, where the facts of the plaintiff’s petition show the existence of a debt due by plaintiff to the defendant larger than the one claimed by plaintiff in his petition, and equally liquidated and demandable, the exception may be used to assert the extinction of the debt sued on by compensation, so as to necessitate a dismissal of the cause.
 
 By analogy, it would seem that, in exceptional cases, any affirmative defense may be interposed successfully by the exception, but only where the facts alleged clearly and unequivocally afford a foundation for such a
 
 defense(Italics ours.)
 

 While the author of this article was considering only the exception of no cause of action, the same rule is applicable to the exception of no right of action where the latter was decided on the face of the petition.
 

 The majority of the Louisiana cases in which affirmative defenses were urged through the use . of the exception of no cause of action presented the question of whether the allegations of the petition disclosed the contributory negligence of the plaintiff, where the latter was seeking to recover damages due to the alleged negligence of defendant. Where the petition alleged facts showing conclusively, clearly and unequivocally the contributory negligence of the plaintiff, this court and the Courts of Appeal of the state have sustained exceptions and dismissed the suit. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238, and cases cited therein. But where the allegations relied on to sustain the affirmative defense were susceptible of a conclusion other than that of contributory negligence, the courts have resolved this doubt in favor of the plaintiff, and have overruled the exceptions. Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445; Gerald v. Standard Oil Co. of Louisiana, 204 La. 690, 16 So. 2d 233; and cases cited therein.
 

 In Burmaster v. Texas Pacific-Missouri Pacific Terminal R. R. of New Orleans, La.App., 174 So. 135, 139, Judge McCaleb, as the organ of the Court of Appeal for the Parish of Orleans-, voiced the test to be applied in such cases in very apt language, saying: “The Supreme Court, in the Gibbs case, has laid down a broad rule with respect to the sufficiency of 'petitions in damage suits where allegations are made which inferentially disclose contributory negligence on the part of the plaintiff. We understand that doctrine to mean that
 
 an exception of no cause of action can never be meritoriously pleaded to a petition soimding in damages for personal injury or death on the ground of contributory negligence of the plaintiff, unless its charges are such as to exclude every other reasonable hypothesis other than that the
 

 
 *34
 

 sole and, proximate cause of the accident was due to the contributing fault of the plaintiff."
 
 (Italics ours.)
 

 This language was quoted with approval in Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365; Cuneo v. Waddell, La.App., 189 So. 619. See, to substantially the same effect: Waggoner v. City of Minden, La.App., 9 So.2d 244, 247; Gunn v. Saenger-Ehrlich Enterprises, La.App., 192 So. 744; Pittman v. Gifford-Hill & Co., La.App., 188 So. 470; and Rome v. London & Lancashire Indemnity Co. of America, La.App., 156 So. 64.
 

 We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.
 

 In the case at bar, the affirmative defense presented does not meet this test and the defendant should be required to answer. If the existence of a partner ship is set up as a defense, the Court can then determine from the evidence — as it cannot from the petition — whether the instant case comes under the general rule or falls within one of the recognized exceptions.
 

 The judgment sustaining the exception and dissolving the writ is set aside, the exception of no cause and no right of action and the motion to dissolve are overruled, and the case is remanded for further proceedings consistent with the above opinion; costs of the appeal to be paid by the defendant, and all other costs to await final determination of the litigation.
 

 O’NIELL, C. J., absent.
 

 HAMITER, J., does not take part.