GLADNEY, Judge.
This is an automobile accident case in which the Columbia Fire Insurance Company has instituted suit as subrogee of its insured, R. M. Sneed, after having paid the damages incurred by Mr. Sneed’s Buick automobile.
The respondent, Robert D. Black, appel-lee herein, filed an exception of no cause ■ or right of action, and an answer. After the Court had overruled the exception the parties entered into the following stipulation :
“ * * * That plaintiff’s subrogation is admitted; that if plaintiff is entitled to recover herein, the amount sued for is the correct amount for which it should be granted judgment; that the facts of the accident are admitted to be as set forth in the answer of defendant filed herein.”
The following paragraphs of the answer .are, therefore, pertinent:
“Further answering, respondent shows that on or about January 30, 1951, at the hour of about 11 o’clock P.M., the driver of his vehicle was operating the same on U. S. Highway 80, proceeding in an easterly direction at a speed not in excess of twenty (20) miles per hour;
“That at the said time and place it was snowing and sleeting heavily, with the result that visibility was very poor and the road and highway and surrounding territory were heavily covered with snow and ice, causing said highway to be extremely slippery;
“That at said time and place the headlights on respondent’s vehicle were in proper working order and were burning and the brakes on said vehicle were in proper order and were properly functioning;
“That prior to the time the vehicle of respondent reached the point of the collision hereinafter mentioned, the alleged insured of plaintiff, one R. M. Sneed, had parked his automobile in the center of said highway, facing east, without any lights burning thereon and without placing any flares upon said highway to warn traffic of the position of said car on said highway;
“That also prior to said collision hereinafter mentioned, the wrecker belonging to the firm of Jeter Brothers had driven up behind the vehicle of the said Sneed and was parked directly behind the same in the middle of the highway without any lights or reflectors thereon and without its driver or custodian having placed out flares or other warning of the position of said vehicle on said highway;
“That because of the parking of said vehicles in the middle of the highway without any lights on either of them and without any flares having been placed out to warn traffic of their position on the highway and because of the darkness of the night and the falling of snow and sleet, it was impossible for the driver of respondent’s vehicle to see same before he reached a point of approximately fifty (5CK) feet west of the rear of said vehicles;
*536 “That immediately upon seeing said wrecker parked in the highway ' in front of him, the driver of respondent’s vehicle endeavored to prevent striking it by turning to the left but could not avoid said collision because of said wrecker occupying the center of the highway and not leaving sufficient space for traffic to go around it on either side;
“That because of the icy condition of the highway, the driver of respondent’s vehicle could not apply his brakes because the same would be ineffective and would cause him to slide directly into said wrecker.”
Appellant avers that the proximate cause of the accident was the fact that the driver of appellee’s car was proceeding at a speed of some 20 miles per hour, which was excessive under the circumstances, as he could not stop the truck within the range of his vision; and it is further charged that plaintiff’s driver was negligent in assuming the road beyond his range of vision was open when unusual circumstances warranted the contrary view. In the alternative, it is argued that even though it be conceded that the obstruction of the highway was negligence, that nevertheless such negligence was passive and was not the proximate cause of the accident.
The appellee contends that the said collision was caused solely and only through the fault and negligence of the driver of the Sneed and Jeter Brothers vehicles in parking on a dark night in the middle of the highway without lights and without placing out flares and without giving any warning to approaching traffic of their position, and in so parking said vehicles in a blinding snow storm in violation of the law. In the alternative, it is alleged that R. M. Sneed and Jeter Brothers were guilty of contributory negligence.
Appellee does not re-urge the exception of no cause and no right of action before this Court. In disposing of the exception below, the Court filed written reasons for its decision, which we approve. It was argued before the trial Court that although the petition alleges the parking of the car and the wrecker in the middle of U. S. Highway No. 80 for a period of time in excess of five minutes, the petition does not allege in any place that there were any lights burning upon either Sneed’s car or the wrecker, nor does it allege that either Sneed or the person in charge of the vehicles put out any flares to warn the people on the highway; and that the petition does not allege that a flagman or other person was stationed on the highway to see-that traffic on this dark, cold night, was. warned, all in violation of LSA-R.S. 32:241. In support of his ruling, Judge: Woods said:
“We have no quarrel with the authorities cited by counsel. However, we are of the opinion that we cannot consider them on this exception of no. cause or right of action. It is true that an exception of no cause or right of' action may be sustained if the plaintiff alleges such contributory negligence as to make it apparent that it. would be a waste of time to try the-case on the merits. See Danove v. Mahoney, [La.App.] 176 So. 404.. However, it is also true that a petition-need not negative contributory negligence as contributory negligence is a-, special defense and must be specifically pleaded, -and the law presumes-in the absence of evidence to the-contrary that the plaintiff was free from negligence. See Loprestie v. Roy Motors, Inc., [191 La. 239] 185 So. 11; Burmaster v. Texas Pacific-Missouri Pacific Terminal R. R., [La. App.] 174 So. 135; Iglesias v. Campbell, [La.App.] 175 So. 145; International Paper Company v. Arkansas & Louisiana-Missouri Ry. Co., [La.App.] 35 So. (2d) 769. Therefore, for the-purposes of this exception the plaintiff did not have to allege in its petition, that Sneed put out flares or a flagman to warn traffic on the highway or that there were any lights giving illumination upon Sneed’s car or the wrecker.”
In Dodge v. Bituminous Casualty Corporation, 1949, 214 La. 1031, 39 So.2d 720, 721, 723, the Supreme Court on passing upon a similar exception, stated the; rule as follows:
*537 “As a general rule, contributory negligence being a special defense cannot be pleaded on an exception of no cause of action, since negligence is a question of fact which must be determined by a trial on the merits. There is, however, an exception to this general Tule. For example, if the inference can be drawn from the facts alleged by the plaintiff showing him to have been guilty of contributory negligence, this negligence can be determined as a matter of law by the judge. McMahon, Exception of No cause of Action in Louisiana, 9 T.L.R. 17, 22 (1934). 'The first clear rule on this subject was formulated in Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445. In that case the court held that an exception of no cause of action based on plaintiff’s contributory negligence should not be maintained unless the facts alleged by the plaintiff show affirmatively that he was guilty of negligence and that such negligence was the proximate cause of the accident. This rule places the determination of each case on a trial on the merits rather than on paper pleadings. A decision on the exception of no cause of action is not a fair way to determine the rights of litigants, since the facts alleged in each case raise several problems materially affecting those rights which can best be solved by the hearing of evidence in the case.
“In West v. Ray [1946], 210 La. 25, 26 So.2d 221, 224, the Court stated:
“ ‘We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.’ ”
We entertain no doubt that the exception was properly overruled.
Appellant principally relies upon two cases as authority for imposing liability upon the appellee. These are Hogue v. Akin Truck Line, La.App., 1944, 16 So.2d 366, a decision by Judge Taliaferro of this Court, and the case of Thiaville v. Toups, La.App., 1946, 25 So.2d 361, a decision by our brothers of the Orleans Court of Appeal.
The case of Hogue v. Akin Truck Line, supra, represented an appeal from a judgment sustaining an exception of no cause of action and dismissal. On appeal the judgment was affirmed. The case was somewhat similar to the case before us, in that plaintiff was driving upon the highway at 8:00 o’clock of a morning described as “dark, rainy, misty and foggy and visibility was poor”, when he was suddenly confronted with a large truck parked over the middle of the highway on the paved portion. The truck had no lights on whatever, no tail light, and no flares set out. There were no clearance lights nor flags on the highway. It was argued that inasmuch as the petition disclosed that the plaintiff ran into the truck with such force as to demolish his own car, it was self evident that his rate of speed was so great that the car could not be stopped within the distance illumined by its headlights or else he was not keeping the proper lookout, and, therefore, was guilty of contributory negligence of the character to bar recovery. To the contrary, it was contended by appellant that recovery had been permitted in certain cases which Judge Taliaferro summarized in the following language:
“In each of the cases wherein the driver of the moving vehicle, which ran into a stationary one, was absolved from negligence as a contributing cause of the collision, the conditions that superinduced the accident were unusual, exceptional. They were not to any extent the result of the moving motorist’s failure to reasonably perform every duty imposed by law.”
We are unable to see where appellant can find any comfort in the cited case. It must be inferred from the undisputed facts in the instant case that appellee’s driver was proceeding with every caution. His rate of speed was extremely low, that is, twenty miles per hour, and he testified he made every move to control his’vehicle to avoid a collision after his discovery of the peril.
*538 Thiaville v. Toups, supra, presented a case where the plaintiff’s car was parked oil a wide four-lane paved highway on a dark and foggy morning. The Court found as a fact that plaintiff stopped her.car either on the right-hand shoulder of the roadway or partially thereon where she remained with her lights burning for approximately ten or fifteen minutes when it was struck by the defendant’s automobile driving at an admitted speed of 35 miles per hour. It is readily observed that the facts in the Toups case differ from the one before us, as to the speed of the approaching vehicle and because of the fact that in the instant case it is conceded that no lights were burning on the car or wrecker.
Appellee argues convincingly that plaintiff’s insured was grossly negligent in parking upon the much used Highway No. 80 in the manner and under the circumstances without observing the provisions of LSA-R.S. 32:241, subds. A, B, which provide:
“A. No person shall park any vehicle, attended or unattended, upon the main traveled portion of any highway, outside of a business or residence district, when it is practicable to park it off the main traveled portion of the highway. In no event shall any person park a vehicle, attended or unattended, upon a highway unless an unobstructed width of not less than fifteen feet upon the main traveled portion of the highway opposite such parked vehicle is left free for passage of other vehicles, nor unless a clear view of such vehicle exists from a distance of at least two hundred feet in each direction upon the highway. Even then, if such vehicle is left parked, attended or unattended, one half hour after sunset or one half hour before sunrise, the person parking it shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.
“Whenever any police or traffic officer finds a vehicle parked upon a highway in violation of this Section, he is authorized to move it, have it moved, or to require the person in charge of such vehicle to move it to a position permitted under this Section.
"B. The provisions of this rule shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.”
There can be no doubt that the statute was violated in that there were no lights on the parked vehicle, nor flares set out, and there was no flagman to warn approaching traffic.
In the recent case of Rea v. Dow Motor Company, La.App., 1948, 36 So.2d 750, 756, it was observed that the above quoted statutory provisions are ' mandatory, the Court saying:
“Peska admits that he did not put out flares when he stopped his unit. We opine that under the circumstances, few drivers would have done so, but the law on the subject is mandatory. Defendant contends that the law (Dart’s Stat. 5309.5, Act No. 215 of 1942, § 2 [LSA-R..S. 32:441] ) has no application to the facts of this case, but we construe the law differently. The law includes motor busses, cars for hire, having a capacity of over seven passengers, cars or trucks used as wreckers or for towing purposes, etc. The fact that the truck was being temporarily used for towing purposes does not remove it from the law’s operative effect.”
We have no difficulty in concluding that the non-observance of the above quoted statute constituted negligence. Appellant contends, however, that such negligence was passive and that appellee’s driver should have so controlled the' operation of his vehicle as to have avoided striking the cars parked in the center of the highway. The answer to this argument is to be found among the undisputed facts. These show the driver of the approaching truck was proceeding at a moderate and reasonable rate of speed under the circum *539 stances and that upon observance of the obstruction in front of him he immediately applied his brakes and made every effort to avoid a collision. Because of the icy condition of the highway his efforts were unavailing. It appears to us, therefore, that the proximate cause of the accident was the failure of those in charge of the parked vehicles, including appellant’s sub-rogor, to reasonably comply with the provisions of LSA-R.S. 32:241, subds. A, B.
We are of the opinion that the judgment appealed from is correct, and it is hereby affirmed at appellant’s cost.