MOISE, Justice.
Remedial writs were granted in this case to review a judgment of the trial court dissolving a temporary restraining order, sustaining an exception of no cause or right of action and awarding to Shelly H. Brawley $150 as attorney’s fees.
Since the proceedings in this case are rather detailed and complicated, we shall set them forth in chronologicál order for a' proper understanding of the case. .
On January 12, 1955, the City National Bank of Baton Rouge filed suit on a promissory note, dated July 6, 1954, for $1,100, against Joe H. Green, Jr., maker; and Shelly H. Brawley, endorser, alleging that they were liable in solido. On March 8, 1955, a preliminary default was confirmed against Joe H. Green, Jr. No further action was taken against Shelly H. Brawley, who later purchased the judgment from the Bank and secured the issuance of a fi. fa. from the Nineteenth Judicial District Court, directed to the Sheriff of the Parish of West Baton Rouge, ordering him to seize Green’s property known as the Airline Truck Stop.
Green then brought injunction proceedings to restrain the Sheriff and Brawley from executing on the fi. fa., alleging that he and Brawley were partners and that, one partner could not sue the other- without a dissolution of the partnership and an accounting. Alternatively, Green alleged that the transaction had the effect of confusion,in that a partner purchased a partnership obligation. Specifically, Green alleged > j
*853 “That the transaction between the' City National Bank, judgment-assign- or, and Shelly H. Brawley, defendant herein and judgment-assignee, whereby defendant Brawley purchased a judgment evidencing a partnership obligation has extinguished the right to. execute upon said judgment by defendant Brawley, against another partner, plaintiff herein, prior to and without a formal liquidation and accounting of said partnership affairs.”
Following the issuance of a temporary restraining order on July 28, 1955, Brawley filed a motion to dissolve the order and an exception of no cause or right of action, and prayed for damages for the alleged wrongful issuance of the temporary restraining order.
On August 4, 1955, the trial court rendered the judgment presently under review, and on August 8, 1955, Brawley assigned all of his interest in the matter to Donald M. Melancon for a consideration of $1,250.
In his application for writs, relator alleged that the trial judge made the following errors:
“1. In sustaining the exception of no cause of action on the theory that the use of the term in article 6 of plaintiff’s petition in suit no. 53,982, ‘partnership obligation’ is a mere conclusion, and not susceptible of being a foundation for offering of proof thereunder; in dissolving the said writ of temporary restraining order on such'an exception without allowing- plaintiff a. hearing on the merits of the case; all being contrary to the modern trencj of liberality of pleading. See West v. Ray, 210 La. 25, 26 So.2d 221.
“2. In, over objection of counsel" for plaintiff, Joe H. Green, Jr., considering and fixing damages for the illegal' issuance of the temporary restraining. order. See Cryer v. Cryer, La.App., 44 So.2d 517.
“3. In dismissing plaintiff’s, Joe H. Green, Jr., suit on the merits altogether, since the matter was up for hearing only on a motion to dissolve the temporary restraining order. See [LSA-] R.S. 13:4062 through [LSA-] R.S. 13:4071.”
We think that the term “partnership obligation” is merely a statement of fact in terms sufficient to offer proof thereunder. In injunction proceedings, plaintiff, Joe H. Green, Jr., alleged that a commercial partnership existed between him and Shelly H. Brawley and that it had never been formally dissolved. He further alleged that the note sued on by the City National Bank was given for a partnership obligation. These were certainly allegations of fact which he was entitled to prove. Defendant Brawley was likewise notified by the petition what he would have to disprove. In the Succession of Giordano, 194 La. 648, 194 So. 577, 578, we stated:
*855 “ * * * The purpose of the pleading act is to advise parties litigant of the issues in order that they might have an opportunity to present evidence supporting their contentions. It also prevents a party litigant from springing surprises and catching an opponent at -a disadvantage. * * * ”
In West v. Ray, 210 La. 25, 26 So.2d 221, 223, we expressed the view that:
“Technical objections and harsh rules of pleading which would dispose of litigants’ cases without a hearing on the merits have never been favored under Louisiana law. The modern federal rule and general tendency in all States is to be reasonable and even liberal in construing or interpreting pleadings with a view of a prompt disposition of the case on its merits, after full hearing by both parties, and where the petition fairly informs the defendant of the nature of plaintiff’s claim, •the modern court will not favor dismissal and the delays incident thereto because additional information has been included which may, granting that additional facts are true, be expanded into a defense against the cause of action set forth by the petition. * * * ” See also, Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771.
We see nothing vague nor indefinite about plaintiff’s petition. The trial judge should have admitted evidence to prove whether or not a partnership existed in fact.
Again in West v. Ray, supra, we stated:
“We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.”
We do not believe that the allegations of plaintiff’s petition exclude every reasonable hypothesis other than that advanced by defendant in the injunction proceeding which is that the allegation, '“partnership obligation,” is a mere conclusion of law. See, Columbia Fire Ins. Co. v. Black, La. App., 61 So.2d 534; Achord v. Great American Indemnity Co., La.App., 68 So.2d 643.
There was no inconsistency in plaintiff’s allegation that there had been a previous suit filed by the City National Bank against him and Brawley, and that judgment had been rendered against plaintiff alone. In his petition, plaintiff alleged that the Bank’s petition was evidence of the fact that a partnership existed. These were all matters susceptible of proof.
Therefore, we hold that the trial judge was in error in refusing to have a trial on the issues joined by the pleadings.
LSA-Revised Statute 13:4066 grants the trial court the right to dissolve or modify a restraining order. This is a matter which lies within the discretion of *857 the trial judge. However, before action was taken in the instant matter, proof should have been admitted in conformity with LSA-R.S. 13:4067.
For the reasons assigned, the writs are made peremptory; the judgment of the trial court is reversed and set aside; the case is remanded to the 19th Judicial District Court for trial on the merits in conformity with the views herein expressed; all proceedings on the writ of fieri facias to be stayed until such time as the trial court renders judgment on the issues poised.