AYRES, Judge.
This appeal is from a. judgment of the district court sustaining an exception of no cause of action, purportedly on the theory that the petition alleges contributory negligence on the part of the plaintiff,. Mrs. Omie W. Downs. This action was originally instituted against -Underwriters, at Lloyd’s, London, England, but Leslie Percy Fowle has been substituted as the proper party defendant.
In considering the questions" -involved on this appeal, there are certain well recognized principles of law to be applied. There is first the rule that for the purpose of passing on an exception of no cause of action, all well pleaded allegations are to be accepted as . true. Bayou *505 State Mfg. Co. v. Ammen, La.App., 38 So.2d 233.
The question now before the court Las been considered by the appellate courts of this State on numerous occasions. Ordinarily the plea of contributory negligence must be interposed -by the defendant and supported by evidence to show the negli-.gehce of the plaintiff. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238.
The courts have generally recognized the right of defendant to raise this defense if the plaintiff’s allegations affirmatively show contributory negligence and the allegations exclude every other reasonable hypothesis other than that the. sole and proximate cause of the accident was due to the contributing fault of the plain-biff.'
In Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445, 447, the court said:
“Contributory negligence is a special defense, and unless the facts ’alleged, which are accepted as true for the purpose of the trial of an exception of -no cause of action, show affirmatively that the deceased wa's guilty of contributory negligence, and that such -negligence was the proximate cause •of his death, the exception should not be .maintained.” See also Odum v. Newstadt’s Shoe Stores, La.App., 194 So. 81; Coats v. Buie’s Estate, La.App., 157 So. 560.
The further qualification of the rule was clearly set forth in Burmaster v. Texas Pacific-Missouri Pacific Terminal R. of New Orleans, La.App., 174 So. 135, 139, wherein the court said:
“The Supreme Court, in the Gibbs Case has laid down a broad rule with respect to the sufficiency of petitions in damage suits where allegations are made which inferentially disclose ■contributory negligence on the part of the plaintiff. We understand that doctrine to mean that an exception of no cause of action can never be meritoriously- pleaded to a petition -sounding in damages for personal injury or death on the ground of contributory negligence of the plaintiff, unless its charges wre such as to exclude every other reasonable hypothesis other than that the sole and proximate cause of the accident was due to the contributing fault of the plaintiff.”- (Emphasis supplied.) See also Cuneo v. Waddell, La.App., 189 So. 619.
The rule was reaffirmed by the Supreme Court in West v. Ray, 210 La. 25, 26 So.2d 221, 224, where the court said:
“We conclude therefore that- an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not’’ be’ sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premisé upon which the defense is based.”
This rule was cited with, approval in Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720.
Probably the most recent review on this subject is Arata v. Orleans Capitol Stores, Inc., 219 La. 1045, 55 So.2d 239, 242. The Supreme Court reversed the decisions of the district court and the court of appeal, 47 So.2d 119, sustaining the defendant’s exception of no cause of action. The suit was -for damages sustained by a boy on a bicycle who was injured when he struck a defective part of the concrete sidewalk crossing. The pertinent allegations were as follows:
“ ‘That the vehicle crossing of the sidewalk of concrete paved material became and remained much broken and out’ of repair for many months, the exact period’ being unknown to your petitioner, so as to make and render it dangerous for the general *506 public .us'e; the said broken portion being a depression of the level of the original'paved concrete sidewalk about three (3) feet in diameter and- six (6) ’inches in depth and contained broken concrete and 1 uneven shells from the property occupied by.-the defendant, Orleans Capitol Stores, Inc.; the property occupied by the Orleans Capitol Stores, Inc.,-likewise contained a large depression of about ten (10) feet in diameter and eight (8) inches in depth, which sloped into the depression on the sidewalk and. caused the bicycle - operated by Thomas Arata to proceed into the depression in the sidewalk.’ ”
In reversing the court of appeal, the Supreme Court said:
“In reaching its decision the Court of Appeal took into consideration the established jurisprudence, to the effect that as a general rule contributory negligence,. being,, a special defense, must be pleaded -specially and be supported by evidence; but if the allegations of fact of the petition clearly disclose its existence the issue may be raised by an exception of no cause' of action. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238 (and cases therein cited); Odum vNewstadt’s Shoe Stores, La.App., 194 So. 81,
“It is also well settled, however, with respect to such issue, that inasmuch as a plaintiff is not required to negative contributory negligence in his petition the exception should not be maintained unless the alleged facts establish affirmatively the existence of negligence on his part proximately causing the accident. To warrant, the upholding of the exception, in other words,- it is necessary that the allegations exclude every reasonable ' hypothesis other than that the proximate ■cause of the accident zcras negligence of the plaintiff.” (Emphasis supplied.-)
When these principles are applied to the present case, it must be concluded that the petition states a cause of action. Certainly there is no affirmative allegation in this petition establishing negligence on the part of Mrs. Downs as the proximate cause of the accident and injury. Neither can it be said that the allegations exclude, .every reasonable hypothesis other than that .the- proximate cause of the accident was negligence of the, plaintiff. ’
It is now necessary to consider the allegations contained in plaintiff’.s petition in the light of this jurisprudence. The pertinent portions of plaintiff’s petition áre as follows:
“3.
“The accident, which is made the basis of this action, occurred on February 22, 1956' at the fishing camp operated by the said Manuel Jones, at ’ about 4:30 or 5:0Q P.M;
“4.
• “Petitioners - rented a fishing boat from the defendant’s assured on the date set forth in paragraph 3 and proceeded to use said boat until about 4:30 or 5 :00 P.M. o’clock, when they returned to the boat landing.
“5;
“On returning to the boat landing, the boat was headed into the' pier, where petitioners were met by an employee and agent of the said Manuel Jones, who ¡-was. known to petitioners only by the name of ‘Jimmy’. The young man immediately took the rope from the front end of the boat as it reached the landing.
“6.
“Petitioner, Mrs.. Omie W. Downs, was sitting .in the middle seat in said boat with her back to the .landing pier. Petitioner, Horace M. Downs, was *507 facing his wife and was engaged in removing his motor after "the boát reached the dock and the attendant took the rope.'
"7.
“Petitioners aver that they had rented fishing boats at the Jones’ Fishing Camp on an average of once a week for a period of several years. The owner and operator, Manuel Jones, had always furnished an attendant, who met incoming boats for the purpose of securing the boat to .the dock by the use of ropes attached to the front ’ end of the fishing boat and for the purpose of assisting occupants in unloading equipment and aiding the occupants in climbing from the boat to the pier.
“S.
“As the boat reached the pier on this occasion, the employee of the defendant’s assured, acting in the scope and course of his employment, took the rope, which was the usual and customary first act in preparing to secure and unload the boat. PetF tioners assumed that the boat had been made secure, as'had been the custom on all other occasions at this pier. ■
“9.
“Petitioner, Mrs. Omie W. Downs, moved several articles in the boat, placed a tackle box on the pier and attempted to leave the boat. At this point, the attendant had picked up a minnow bucket and started back toward the camp. .
“10.
“As petitioner stepped from the boat and onto the pier, the boat suddenly skidded backward, throwing petitioner against the pier and boat and into the water, causing her to strike her right leg, arm and shoulder against the boat and pier.
“11.
. “The water -was approximately four to five, feet in depth.
* . * * * * *
“17. •
“The accident hereinabove described and the resulting injurie,s were caused solely by the', negligence of the employee -of Manuel Jones, the defendant’s ássured, who was racting in the course and scope of - his employment, in the following non-ex.clusive partic--ulars;
“(a) Failing to tic or securely wrap the rope for the purpose of securing the boat, to the dock.
“(b) Failing to warn petitioners that the boat was not secure prior to the'ir' departing therefrom'.
“(c) Failing to remain at the pier for the purpose of assisting plaintiffs from the boat.”'
According to the allegations, Mr. and Mrs. Downs had rented boats at this landing on an average of once a week for- a period of several years. During this time the owner of the camp had made it a constant and regular custom to furnish an attendant to assist incoming customers. This assistance included a securing of the boat to the pier. The practice was one which Mrs. Downs not only had learned to rely on but which she was led to believe was furnished each time.
On. the occasion..of the.accident Mr. and Mrs. Downs returned to the. dock with Mrs.' Dowps sitting in a position with her back to the landing. They were met by an attendant whose name was “Jimmy”. It is alleged that the young man took the rope from the boat immediately on its arrival. It was natural for Mrs. Downs to assume that the boat was made secure. Such had always been the practice and the duty of the attendant in the past.'
*508 The petition alleges that Mrs. Downs proceeded to leave the boat and as she started to step out, it skidded backward, throwing her against the pier and boat and into the water, causing the injuries described in the petition.- “
Apparently the position of the district judge was that the plaintiff was contribu-torily negligent in not making an examination to be sure that the boat was secured to the pier. To say the least, this is -apparently an assumption on the part of the trial judge that is not disclosed'by the petition. Certainly it is not affirmatively alleged. On the contrary, the petition alleges that the custom and practice for the attendant to secure the boat had existed 'for a long period of time. It is alleged that the attendant did actually take control of the rope used for this purpose, immediately on the boat reaching the pier. She was not called on, in view of the long experience and reliance on the assistance furnished by the camp, operator, to carefully check performance of a routine duty by the attendant, especially in view of the fact that the attendant -had grasped the rope as if to tie the boat, thus leading plaintiff to -believe that the boat was secured.
The petition, therefore, is not objectionable as affirmatively alleging contributory negligence on the part of plaintiff. The exception of no cause of action should have been overruled.
Accordingly, the judgment appealed is annulled, reversed and set aside and the exception of no cause of action is overruled, and this cause is remanded to the First Judicial District Court in and for Caddo Parish, Louisiana, for further' proceedings consistent with the views herein expressed and in accordance with law.
Reversed and remanded.
GLADNEY, J., dissents.