AYRES, Judge.
This is an action for damages for personal injuries allegedly sustained by plaintiff and directed against the State of Louisiana through its Department of Highways *586 under authorization of Act 110 of the Legislature of Louisiana for the regular session of 1954.
Plaintiff’s action arises from an accident which allegedly occurred on the afternoon of June 8, 1952, on a State graveled highway in Caddo Parish, Louisiana, bearing State number C-2025 and locally known as the Caddo Lake Dam Road, between the towns of Dixie and Mooringsport, Louisiana, when plaintiff, accompanied by his wife, two minor children and E. J. Landry, while driving a Plymouth automobile at an estimated speed of not more than 25 miles per hour, struck a sink or depression in the highway above a culvert and a double series of depressions, holes or ruts, varying in length from three to eight feet, with depths extending to as much as eight inches and having various widths to as much as three feet, on the sides of which were mounds of earth approximately five to six inches high, and as a result of which plaintiff was thrown violently against the left door, his head behind the left ear striking the door, rendering him unconscious and eventually throwing him from the car, which thereafter overturned.
In the aforesaid accident, plaintiff allegedly suffered a broken back, a severance of the tenth thoracic vertebra, severance of the spinal cord, permanently paralyzing him from his waist down.
In this action, the State filed a plea of vagueness, which was sustained, with leave to amend, which was accomplished by a supplemental petition. Thereafter, defendant filed an exception of no cause or right of action, which was likewise sustained, with leave to amend. Pursuant to this action of the court, plaintiff filed other supplemental and amended petitions. In fact, an examination of the pleadings reveals that, in all, four supplemental petitions were filed, two of which were responsive to the plea of vagueness and two in an effort to satisfy the objections raised in the exceptions of no cause or right of action. Eventually and finally, the exception of no cause and of no right of action was sustained and plaintiff’s suit dismissed. From that judgment plaintiff has appealed.
Defendant’s exceptions are predicated on two premises, (1) that no negligence is alleged, that is, the allegations of the condition of the road do not set forth any facts evidencing a condition constituting negligence, and (2) there is no showing of actual or constructive notice on the part of the State of such alleged defects in the highway. Additionally, defendant urges there is an affirmative showing of contributory negligence on plaintiff’s part barring and precluding his recovery.
Defendant’s first contention, we think, is clearly untenable. In addition to the detailed and minute description of the defects allegedly existing in the highway, as briefly summarized hereinabove, the very fact that plaintiff, who was driving over said highway at a very moderate rate of speed, was so shaken up as to be rendered unconscious and eventually thrown from the car, which thereafter overturned, lends considerable support to the allegations of plaintiff’s petition there were some radical defects in the highway at that point. Plaintiff has alleged, as aforesaid, defects in detail in the highway of such magnitude and character and of such severity as to and did, allegedly, cause the accident.
While highways need not be maintained in a perfect condition of repair, there is a duty upon the officers and employees of the Department of Highways to use ordinary and reasonable care as to inspection and repair so as to keep them in a reasonably safe condition. Moreover, the Department of Highways is under an obligation to the traveling public in the construction and maintenance of highways to maintain an efficient system of inspection so that they will be kept in a reasonably safe condition at all times. Hogg v. Department of Highways of State of Louisiana, La.App., 80 So.2d 182.
*587 The defects in the bridge in the case of Preuett v. State, through Department of Highways, La.App., 62 So.2d 686, were no more dangerous than the defects alleged to exist in the instant case. ■ There the flooring of the bridge was constructed of creosoted timbers laid with cracks between, and on being covered with gravel, the gravel sifted through, leaving ridges on top of each of the timbers, the whole constituting a corrugated surface, the ridges of which were only four to six inches high. That condition of the bridge caused the driver to lose control of the steering wheel of his truck and as the result of which the accident occurred.
From plaintiff’s allegations in the instant case, no other conclusion appears plausible than that the section of the highway complained about was not maintained in a reasonable and safe condition for public use. Whether this condition was due to a failure to maintain an adequate inspection system or to a failure to properly maintain the highway or to make necessary repairs, the result is the same- — there would be a dereliction in duty in someone charged with the responsibility. This could only be placed on the officers and/or employees of the Department of Highways.
As we understand and appreciate the allegations made by plaintiff, he alleged that the aforesaid dangerous conditions in the highway were permitted to exist for as long a period as 60 to 90 days, or even as long as six months, notwithstanding there was a weekly inspection made of the road and that it was dragged regularly every two weeks. We do not attach the importance to the allegations pertaining to the dragging of this road as did defendant’s counsel and the trial court, who interpreted the allegations to mean that plaintiff, by so alleging, alleged the fortnightly repair of the highway. Nowhere does plaintiff allege that the dragging of the road constituted the repair of the defects complained of. In the absence of such an allegation, we are unable to presume or conclude that the allegations had that effect.
It is strenuously and forcibly urged that plaintiff’s petitions do not sufficiently charge the Department of Highways or its officers and employees of either actual or constructive knowledge of the alleged dangerous conditions in the highway. A study of the pleadings fails, in our opinion, to support such a conclusion. For instance, it is alleged, as explained hereinabove, that the defects constituting a dangerous and hazardous condition in the highway actually existed; that such conditions were permitted for a period of time ranging from 60 days to six months prior to the accident, and that no repairs were made over a period of said six months, notwithstanding weekly inspections and fortnightly dragging of the road. These allegations are allegations of fact and, from a reasonable construction, no other conclusion could be reached other than that the alleged facts showed the officers and employees of the Department of Highways had actual knowledge of the allegedly existing defects. This, with the general allegation that the defendant had actual and constructive notice of the dangerous condition of the road, affords the defendant no reasonable ground for complaint that plaintiff’s petitions failed to allege knowledge of the conditions in the Department of Highways through its officers and agents.
Neither do we find any merit in, defendant’s contention that plaintiff affirmatively alleged a state of facts showing that he was guilty of contributory negligence constituting a proximate cause of the-accident. The contention is seemingly based on plaintiff’s failure to allege he applied his brakes after seeing the depressions in the highway, although alleging he removed his foot from the accelerator. The allegations of the petitions do not make it clear that he should have applied his brakes or that it was necessary that he do so. For this contention to be sustained under an exception of no cause of action, *588 the allegations must clearly and unmistakably allege facts from which it must, or could only be, concluded that plaintiff's own negligence contributed as a proximate cause to the occurrence of the accident.
The Supreme Court, in Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445, laid down a general rule with respect to the sufficiency of petitions in actions ex delicto where allegations are made which inferentially disclose contributory negligence on the part of plaintiff. In giving this rule effect, the Court of Appeal for the Parish of Orleans, in Burmaster v. Texas Pacific-Missouri Pacific Terminal R. R. of New Orleans, 174 So. 135, 139, stated:
“We understand that doctrine to mean that an exception of no1 cause of action can never be meritoriously pleaded to a petition sounding in damages for personal injury or death on the ground of contributory negligence of the plaintiff, unless its charges are such as to exclude every other reasonable hypothesis other than that the sole and proximate cause of the accident was due to the contributing fault of the plaintiff.”
This rule has been followed in subsequent cases, among which arc: Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720; West v. Ray, 210 La. 25, 26 So.2d 221; Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365; Cuneo v. Waddell, La.App., 189 So. 619.
Where the allegations of a petition relied upon to sustain an affirmative defense were susceptible of a conclusion other than that of contributory negligence, the courts have resolved this doubt in favor of the plaintiff and have overruled the exceptions. West v. Ray, supra; Gibbs v. Illinois Cent. R. Co., supra; Gerald v. Standard Oil Co. of Louisiana, 204 La. 690, 16 So.2d 233.
From these authorities it could only be concluded that an affirmative defense presented through exceptions or motions, triable only on the face of the petition, should not be sustained unless the allegations exclude every reasonable hypothesis other than the premise upon which the defense is predicated. In the instant case, the affirmative defense presented does not meet this test.
We are not concerned at this instant whether plaintiff may or may not sustain by proof the allegations upon which he bases his claim. We are rather only concerned as to whether his allegations are sufficient to state a cause of action in support of which he may be permitted to offer proof. We think the allegations are sufficient to meet the objections urged.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and it is now ordered, adjudged and decreed that the exception of no cause and of no right of action be and the same is hereby overruled and, accordingly, this cause is remanded to the Honorable the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
Reversed and remanded.