**BLACK, ROGERS & CO., Limited, v. WEST MONROE INS. AGENCY, Inc., et al.***
No. 4729.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Oliver & Digby and McHenry, Montgomery, Lamkin & Lamkin, all of Monroe, for appellees.

DREW, Judge.

Plaintiff is the general agent in Louisiana for two foreign insurance companies. On May 21, 1931, it appointed the West Monroe Insurance Agency, Incorporated, as its local agent for West Monroe, La., to write insurance policies in said foreign insurance companies, and under this agency the local agent issued numerous policies of insurance.

The West Monroe Insurance Agency, Incorporated, is a Louisiana corporation. The stock was owned by Mrs. Jeff W. Caldwell, J. Q. Graves, and W. C. Feazel, in the proportion of 50 per cent. to Mrs. Caldwell and 25 per cent. each to Graves and Feazel.

On November 15, 1931, P. O. Clark purchased the stock owned by Mrs. Caldwell and assumed the management of the corporation. It was operated under the name of "Clark Insurance Agency, Incorporated," although the charter was never amended by changing the name of the corporation, due to the absence and illness of Mr. Feazel at the time of the intended change.

The West Monroe Insurance Agency, Incorporated, at the time of this suit, was owing to plaintiff the sum of $951.18 for premiums on policies written by it, and this suit is to recover judgment for that amount. Plaintiff sued for $1,500.13, but only attempted to prove the amount admitted by defendants to be due at that time, if due at all.

Plaintiff made defendant the Clark Insurance Agency, Incorporated, alleging it to be a commercial partnership composed of Clark, Feazel, and Graves, and prayed for judgment against them, in solido, as well as against the West Monroe Insurance Agency, Incorporated.

Feazel, Clark, and Graves each filed an exception of no cause of action, which are not before us as defendants have neither appealed nor answered the appeal.

All defendants answered, alleging that the Clark Insurance Agency, Incorporated, was the identical corporation as the West Monroe Insurance Agency, Incorporated, with only an intended change of name, and that there was no personal liability on the part of Clark, Feazel, or Graves. They all further alleged that all matters in dispute had been settled prior to the filing of this suit, and that they owed nothing to plaintiff. Later, a plea of estoppel was filed alleging that a check for $304.13 had been accepted by plaintiff in full settlement of the account. They alleged the settlement consisted of the check and an agreement by defendants to either collect the outstanding premiums and forward them to plaintiff or to take up the policies which had not been paid for and send them in for cancellation; that they had fully complied with the agreement in every detail.

The plea of estoppel seems not to have been passed on, and is not before us.

The lower court found a settlement had been made and rejected the demands of plaintiff, and it has appealed.

■ The check alleged on in defendants' answer was not attached to the answer, and it was not set out that the check bore the notation on its back, "payment agency account in full," and plaintiff had no knowledge of this fact. On the trial of the case after plaintiff had closed, the defendants secured the check from the bank and offered same in evidence, at which time plaintiff pleaded surprise and filed the following motion for continuance:

"The application of Black, Rogers & Company, Ltd., plaintiff in the above styled and numbered cause, respectfully shows:

"1. That upon the trial of said cause on June 29, 1933, and when said case was with defendants, the said defendants offered in evidence a certain check in the sum of $304.13, which, it is claimed, formed the basis of settlement of the account in dispute, and upon the reverse side of which is written 'Payment Agcy. Acct. in Full,' that said notation is written immediately after certain policy numbers, all of which writing is in ink and which Prentis O. Clark claimed to have placed there prior to the time when said check was delivered to M. L. Warner, vice-president of plaintiff corporation.

"2. That plaintiff denies that said notation 'Payment Agcy. Acct. in Full' was written on said check prior to its delivery to plaintiff, and the fact as to whether said endorsement was placed thereon before or after delivery to plaintiff is very material to the issues involved and practically determine the true facts involved.

"3. That petitioner desires and is entitled to have an expert appointed by this court for the purpose of determining said facts, or in the alternative to secure the testimony of a competent and impartial handwriting expert for the purpose above stated.

"4. That said check was offered in evidence without any prior notification to plaintiff and plaintiff first knew of said endorsement on the check when same was thus offered in evidence. That it will require a reasonable time within which to procure the testimony of said expert, whether he is appointed by the court, or summoned on behalf of plaintiff, and, therefore, in order that the true facts of this case might be presented to the court and thereby the ends of justice met, a continuance for a reasonable time therefor should be granted by the court for the sole purpose of securing the testimony of said expert. The necessity for the continuance was not occasioned by any fault of petitioner for the reasons above set out; that it was wholly unaware of said endorsement on the check.

"Wherefore, petitioner prays that a continuance of this court for a reasonable time be ordered within which to procure the testimony of said handwriting expert; that the court appoint a competent and impartial handwriting expert to determine the facts above set out; or in the alternative; that the court allow the parties hereto to take the testimony of some competent and impartial handwriting expert."

The motion for continuance was overruled by the court, and plaintiff excepted to the ruling.

It is very material to a correct decision of this case for the court to know whether the notation was made on the check before same was delivered to plaintiff or at some time thereafter. A careful examination of the check under a magnifying glass raises some doubt in the court's mind on this question. However, we would be reluctant to pass on this question without expert testimony thereon, due to the positive evidence of Mr. Clark, who testified that the notation was made at the same time the check was written, and that the check had been in the possession of the bank since that time, until about thirty minutes before it was offered in evidence. The court is not qualified as handwriting experts, and, if we should attempt to exercise that function, except in cases where the difference can be plainly seen by the ordinary eye, we would, no doubt, often be guilty of the grossest mistakes. We do not feel qualified in this case to pass on this question. Plaintiff, under the circumstances, was entitled to a reasonable time in which to obtain expert witnesses to testify on this question, and the lower court was in error in not allowing the continuance for that purpose.

■ In putting on its case, plaintiff called Mr. Clark for cross-examination, who admitted the correctness of the answer filed, which was that, if the settlement pleaded was not sustained, defendant West Monroe Insurance Agency, Incorporated, owed to plaintiff the amount of $951.18. It then rested. Defendants offered testimony as to the settlement. Plaintiff in rebuttal attempted to show, in corroboration of its denial of settlement, that, after the alleged settlement, its vice president, who is acting for plaintiff, made demand upon the other two stockholders of the corporation, one of whom was the secretary-treasurer, and attempted to prove the conversation he had with said stockholder and officer of defendant corporation at that time. This testimony was not allowed; the court holding it was not in rebuttal. The court erred in this ruling, and the testimony should have been allowed. Plaintiff was entitled to offer in testimony that which would tend to rebut the testimony showing a settlement, and, if he made demand on the officer of the defendant corporation immediately after the alleged settlement, it would certainly be corroborative of his testimony that there was no settlement. If the officer in the conversation made statements which would tend to show there had been no settlement, it would further rebut the testimony of defendants as to a settlement.

■ There is another matter in this record that is far from clear to the court, that is, defendants' claim that, after the alleged settlement by check for $304.13, it collected certain outstanding premiums and sent them to plaintiff, and that it took up the other outstanding policies which had not been paid for and had them canceled. The premiums collected show on the account and are deducted from the amount owing by defendants to plaintiff at that time, leaving a balance of $951.18, but we fail to find where defendants were given credit for the rebate due on the policies. The record does not show how many policies were canceled nor what credit defendants should have had when they were canceled. Defendants were undoubtedly charged with the full premium, and, if the policies were canceled before the expiration of their term, defendants would have been entitled to credit for the difference.

For the above reasons, we conclude that, in order for a correct decision to be rendered in this case, the testimony not allowed and the testimony of handwriting experts should be had.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court

be reversed and set aside, and the case be remanded to the lower court, to be retried there in accordance with the views expressed herein; cost of appeal to be paid by appellees; and all other costs to await final determination of the case.