## WRIGHT v. JONES.
### No. 5954.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1939.

Robert J. Newson, of Shreveport, for appellant.

Barnette & Barnette, of Shreveport, for appellee.

DREW, Judge.

This is a suit by a tenant against her landlord for damages for personal injuries, doctor's bills and loss of wages. She alleged that she received a fall when the steps to the house she rented from defendant gave way due to their rotten and decayed condition. She alleged her injuries to be as follows: severe and probable permanent injury to her back; a paralyzed left arm; and left kidney permanently injured, causing total disability. She prayed for damages in the sum of $300 for pain and suffering, $50 for loss of wages, $100 for injury to back, left arm and kidney, and $50 for medical attention.

Defendant denied all allegations made by plaintiff, and in the alternative set up the plea of contributory negligence and assumption of risk based upon the allegations that plaintiff had full knowledge of the condition of the house, including the steps, at the time she rented it.

The lower court rejected the plaintiff's demands and she is now prosecuting this appeal.

All parties to this litigation, including the witnesses, with the exception of some medical witnesses, are of the colored race, and it is apparent that the likes and dislikes of the witnesses for the respective litigants has to some extent controlled their testimony. To say the least, the testimony on every point is very conflicting. The lower court did not favor us with a written opinion and we have not the benefit of his finding on any particular point at issue.

The evidence is sufficient to conclude our minds on one fact, which is that plaintiff was fully aware of the defective condition of the steps which she claims gave way with her. She and a neighbor, apparently joking about the condition of the steps, stated that if they or either of them got hurt on the steps they were going to sue the landlord. Whether said as a joke or not, the day after plaintiff claims to have fallen on the steps her attorney made written demand upon defendant for restitution for the damages claimed to have been done. There was another set of steps to the same gallery, only a few feet distant from the defective steps, which plaintiff could have used and did use quite often. Therefore, conceding that the steps were rotten and decayed and dangerous, we must find that plaintiff had full knowledge of that fact and could have used the other steps with little or no inconvenience and have avoided any injury.

There is evidence to the effect that the steps did not break down with plaintiff; instead, she purposely fell on the steps. However, for the purpose of this case, we can again concede that the steps gave way, causing her to fall. Under the doctrine laid down in the case of Parker v. Kreber, 153 La. 191, 95 So. 601, plaintiff is barred from recovery due to her own negligence.

We might further add that the evidence fails to disclose that plaintiff received any injury. All the medical testimony offered by both plaintiff and defendant is that no injury could be found upon exam-

ination of plaintiff. She utterly failed to prove any expenditure for doctor's or medical bills, or to prove that she lost any wages during the time she claims to have been suffering from the injuries.

We are convinced the judgment of the lower court is correct, and it is affirmed with costs.