69 So.2d 620 (1953)
PRUDHOMME et ux.
v.
BERRY.
No. 8045.
Court of Appeal of Louisiana, Second Circuit.
December 29, 1953.
Rehearing Denied January 26, 1954.
Writ of Certiorari Denied March 22, 1954.
*621 Alfred A. Mansour, Alexandria, for appellants.
Gravel & Downs, Alexandria, for appellee.
McINNIS, Judge.
This is a demand by Savannah Prudhomme for $1,500 for personal injury she alleges she sustained December 30, 1951 at about 7:00 o'clock P. M. when she stepped in a hole in the floor of the kitchen in the house rented from defendant, and injured her right knee and leg. Her husband, Emmanuel Prudhomme, sues for $47.25 for medical expense for his wife.
They allege that in September, 1949 defendant leased to the husband a house he owned, numbered 1305 Huffman Street, Alexandria, by the month. That in September, 1949, and prior thereto, there was a hole in the floor of the kitchen, caused by rotting of planks of the floor, which was caused by leaking water from a faucet; that defendant was notified of the hole and rotten condition of the floor a number of times and promised to repair it but failed and neglected to do so; that she fell through the floor and that her right knee was wedged in the area of the floor, which caved in, and she was unable to get out for about an hour, after she had attracted her husband and several neighbors to help her.
They say that the accident was caused solely by the neglect of defendant to repair the floor. The wife alleges that she suffered pain and mental anguish as a result of injury to her knee and leg and that she was confined to her bed for six weeks.
Defendant filed exception of no cause and no right of action, which was overruled. The exception is urged here, however as the case has been fully tried on the merits, we prefer to rest our judgment on the record as made up on the trial.
Answering, defendant denied the substantial allegations of the petition, and further answering says that about June 5, 1951 he notified plaintiffs that responsibility for the condition of the leased premises was theirs, and he would not repair any defects in the premises, and that by continuing the rental agreement they accepted the responsibility.
In the alternative, if it be shown that defendant was in any manner negligent, that plaintiffs were guilty of contributory negligence in the following respects:
"a. Plaintiffs were aware of the defects and condition described in Article 4 of their petition; such condition was apparently and imminently dangerous; such condition, as existed on December 30, 1951, was caused by plaintiffs.

*622 "b. Plaintiffs knew, or should have known, that they could not use the premises, and particularly the kitchen floor, with safety; accordingly, they voluntarily assumed the risk of the dangerous situation.
"c. Plaintiff, Savannah Prudhomme, went into the kitchen at night-time without turning on a light, lighting a candle or using some other form of illumination, thereby subjecting herself to the hazards of the known defective condition.
"18. Plaintiffs' contributory negligence proximately caused the injuries and damages complained of, if any; the negligence of each plaintiff is imputed to the other."
After trial on the merits plaintiffs' demands were rejected, and they are prosecuting a devolutive appeal to this court.
From the testimony in the record the facts appear to be that, as alleged in plaintiffs' petition, defendant leased the premises to the husband in September, 1949. There was at that time a hole in the floor of the kitchen, caused by water leaking from a faucet. The flooring around the hole was apparently decayed and weakened, and the floor was shaky when walked on. Plaintiff Savannah Prudhomme is a large woman, weighing at least 185 pounds.
Plaintiffs say that complaint was made several times to defendant, during the period from September, 1949 and he promised to have Israel Jones, a carpenter living in one of defendant's houses nearby, to repair the floor, but it was never repaired. Defendant says that the first time he knew about the hole in the floor was in March, 1951 when he visited the house in answer to a complaint that a water faucet had broken, as a result of a freeze, and that he found the hole in the floor himself, and told them to get Israel Jones to repair it, and that he heard no more about it. He says the hole was about five inches by six inches; a jagged looking hole. Sometime during the spring and early summer of 1951 defendant had his tenant houses painted and some repair work done. The house occupied by plaintiffs was worked on at that time but the floor in the kitchen was apparently not repaired.
June 5, 1951 defendant addressed a letter to all his tenants. The letter sent to plaintiffs is as follows:
"Dear Tenant: We are in the proccess of repairing the property and we wish to ask the following of you:
"(1) Rid the front of your house of all unnecessary things that take away from the neat appearance of your house.
"(2) Please use your toilet and do not throw waste in your yard.
"(3) Use toilet paper instead of newspaper, as the use of newspaper will stop up the sewer and cause an unpleasant odor and appearance.
"(4) You are responsible for all damages done to your house after it has been repaired.
"(5) By August the 1st all the houses will be wired.
"Let us make our surroundings the nicest in the neighborhood, which we all can if we all get together and try."
Plaintiff Savannah Prudhomme went into the kitchen at about 7:00 o'clock P.M. December 30, 1951 to get a drink of water and accidentally stepped in the hole in the floor with her right foot, or the floor gave way under her weight, and the leg up to the knee went through the hole, and she was unable to extricate her leg from the hole. She was alone in the house at the time, and called a next door neighbor, Josephine McGago to help her, and a short while later her husband came in, but the two of them could not lift her out. Several other people came in, and a saw was secured and some planks were sawed out and she was released.
There was some dispute as to whether there was a light in the kitchen when Savannah went in to get the drink of water. She says there was a light on the table in *623 the kitchen. Some of the witnesses say the light was in the kitchen and some think the light was in the next room, and some are uncertain as to the location of the light.
Savannah was asked the condition of the floor of the kitchen during the time she was living there, and she replied: "Well it become shaky, one side of it, one of the sills begin to rot and it would shake when I would walk on it. It was up and down the line by the faucet and further."
She also testified on cross-examination that a bucket or tub was usually kept under the water faucet to keep the floor dry, and she says the floor was dry at the time of the accident, but she is contradicted in this by other witnesses, who say that the floor was wet at the time.
We are familiar with the Articles of the LSA-Civil Code, 670, 2322, 2692, 2693 and 2695, cited in plaintiffs' brief, relating to the obligations and liabilities of the owners of buildings, and with the general rules that where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects.
This general rule is subject to the exception, that if he were aware of the defect causing the injury and it was such as to indicate to a reasonable minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted.
Mr. Justice Hamiter, then a member of this Court, in the case of Redd v. Sokoloski, La.App., 1941, 2 So.2d 266, 268, after stating the general rule and the exception to it, applied the exception, saying:
"(2) The second part of the stated rule, we think, is applicable to the facts of the instant case. As before shown, the generally defective condition of the floor was well known to decedent. Additionally, various factors combined to signal to him a warning of the imminently dangerous nature of the part thereof that was responsible for his fall. These included his weight of over 200 pounds; the unsupported, jagged and decayed planks that were easily observable; and the existence of a hole in the porch, created, as decedent knew, by reason of an adjoining board's failure to withstand the presence of a small child."
We are of the opinion that the facts disclosed by the record in the instant case justify application of the exception to the general rule, and that its application is decisive of the issues.
Plaintiff Savannah Prudhomme and her husband had been living in the house rented from defendant for 27 months. The defect was apparent, at least to the extent that the hole in the floor was there at the time they moved in. She knew of the decayed condition of the sill up and down by the faucet. The floor would shake when she walked on it. The ground beneath the floor was plainly visible through the hole in the floor. She weighed at least 185 pounds.
We conclude that the negligence of defendant in failing to repair the floor was the remote cause, and the negligence of plaintiff Savannah Prudhomme the proximate cause of the accident and resulting injury.
For these reasons the judgment of the district court rejecting plaintiff's demand is affirmed.