AYRES, Judge.
This is an action in tort. Plaintiff appeals from a judgment sustaining an exception of no cause and of no right of action. The exception is predicated upon an alleged affirmative showing by plaintiff of contributory negligence on her part.
In giving consideration to the issues thus presented, the allegations of plaintiff’s petition must be considered in the light, and tested by the application, of certain well-established legal principles, reference to which will now be briefly made. A plea of contributory negligence is in the nature of a plea of confession or avoidance which implies the existence of negligence on the part of the defendant and seeks to avoid it by showing that plaintiff’s own negligence caused the injury. The general rule is that contributory negligence is an affirmative defense and must be specially pleaded. Arata v. Orleans Capitol Stores, Inc., 219 La. 1045, 55 So.2d 239; Aymond v. Western Union Telegraph Co., 151 La. 184, 91 So. 671; Kern v. Bumpas, La.App., 102 So.2d 263. However, where the plaintiff alleges facts affirmatively showing that he was guilty of contributory negligence, the defendant may raise the issue by exceptions of no cause and of no right of action. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Odum v. Newstadt’s Shoe Stores, La.App., 194 So. 81. But, with respect to such an issue, to justify the sustaining of an exception, it is necessary that the allegations of plaintiff’s petition exclude every reasonable hypothesis other than that the proximate cause of the accident was negligence of the plaintiff. Arata v. Orleans Capitol Stores, Inc., supra; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720; West v. Ray, 210 La. 25, 26 So.2d 221; Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445; Bergeron v. Greyhound Corporation, La.App., 100 So.2d 923; Downs v. Underwriters at Lloyd’s, London, England, La.App., 90 So.2d 504. Thus, the allegations must affirmatively establish, to warrant sustaining of the exceptions, the existence of negligence on plaintiff’s part proximately causing the accident and exclude every other reasonable hypothesis.
The factual allegations of plaintiff’s petition may now be briefly summarized. Plaintiff was employed by Ellen Steward as a maid at Ellen’s Beauty Shop, located at 9227 Mansfield Road in the City of Shreveport in a building owned by and leased from Frank Graham; the owner’s or landlord’s liability, by reason of any defects or hazardous conditions in the premises resulting in injuries to persons thereon, was covered by insurance under a policy issued by the defendant, Lumbermens Mutual Casualty Company; under her employment of more than a year, preceding the occurrence of an accident February 13, 1959, plaintiff’s duties consisted of cleaning up, sweeping and mopping the building, and shampooing customers; that during damp weather, by reason of defects in the construction of the building and by its deterioration and disrepair, the floors became damp and wet by the “sweating” of the walls and floors, which required frequent and constant mopping to keep the floors dry, and, on occasions, towels were applied to absorb the water on the floors; the owner and lessor was alleged to have known of the purported defects in the building but neglected to repair same; that on the occasion of the accident plaintiff arrived at her place of employment about 8:00 a.m., began her work as aforesaid and, after repeatedly mopping the floors to remove the dampness and water therefrom, at about 11:00 a.m., after again sweeping and mopping a part of the building, and on turning aside therefrom to dispose of trash in a garbage container, and, while turning away from such *659 container, her right foot slipped from under her, whereupon she fell to the floor pinning her left hip and back of her left leg underneath her. The allegation then follows:
“That petitioner’s fall was caused by reason of the floor being wet with moisture which had gathered there from the walls and floors sweating; that the floors and walls in the said building always sweated in damp weather and during such time it was necessary to mop the place often and to put towels on the floor to protect the patrons and persons working in the shop; that although the place where petitioner was standing when she fell had been mopped once that morning, it had become wet again due to the walls and floors sweating.”
If the allegations of plaintiff’s petition are to be accepted as true, as must they be for the purpose of the trial of an exception of no cause of action, there can be no question but that the condition complained of and alleged to be dangerous was well known to plaintiff; that the condition always arose and existed during damp weather such as existed on the occasion of the accident; that among the duties of her employment was that of mopping the floors in order to remove the water and to eliminate the dampness therefrom; that on the very day, but preceding the occurrence of the accident, she had performed that operation and had begun to repeat the same when she turned aside to other duties and, in the performance of which she slipped and fell because of the water prevalent on the floor which she had begun, but had not completed, the removal of prior to her fall.
From her allegations, plaintiff not only well knew that the condition complained of existed and that similar conditions had prevailed since the beginning of her employment, but that it was her duty, which she had performed on many prior occasions, to keep the floor dry so no one would fall thereon.
The general rule is that the owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it or when it is the result of a vice in its original construction, LSA-C.C. Art. 2322, and that, where one has knowledge of the general defective condition of a portion of the rented premises, but it reasonably appears he might use it with the exercise of care, his use in such manner does not constitute contributory negligence. Prudhomme v. Berry, La.App., 69 So.2d 620. This general rule is subject, however, to the exception that, if one is aware of the defect causing injury and it was such as to indicate to a reasonable person that the use of the defective portion was apparently and imminently dangerous, recovery is not permitted. Prudhomme v. Berry, supra; Redd v. Sokoloski, La.App., 2 So.2d 266, 268.
In the latter case, this court stated:
“Counsel for the litigants have directed our attention to seventeen cases decided by appellate courts of this state, each of which involves a question somewhat similar to the one under consideration. The opinions in all of them, as well as in several others not cited, have been studied by us. From our study of such authorities, we understand the rule to be that where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects. If, however, he was aware of the defect causing the injury and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted.” (Emphasis supplied.)
The second part of the stated rule, we think, is applicable to the fact alleged in the in *660 stant case. As before shown, the alleged defective condition of the floor was well known to plaintiff. In fact, the duties of her employment required that she keep tab on that condition and remedy it by cleaning and mopping the floor and ridding it of water and moisture. Under those conditions, it could not be said that plaintiff was without knowledge of the apparently and imminently dangerous situation, from which it can only be concluded the negligence of plaintiff constituted the proximate cause of the accident and the injuries resulting therefrom. Defendant’s assured’s failure to repair the walls and floor was only a remote cause.
We therefore find that plaintiff’s petition affirmatively alleges contributory negligence upon her part, proximately causing the accident of which she complains and that, therefore, the judgment sustaining the exception of no cause and of no right of action is correct and must be affirmed.
The judgment appealed is accordingly affirmed at appellant’s cost.
Affirmed.