LOTTINGER, Judge.
This is a suit in tort for personal and special damages. The petitioners are Hillary Hill, who claims special damages, and his wife, Estella Hill, who claims personal damages, when the steps leading to their dwelling collapsed upon being used by Estella Hill. The defendant is The Travelers Insurance Company, the liability insurer of the premises owned by the Estate of Sam Vicaro. The verdict of the jury and the judgment of the Lower Court was in favor of petitioners and against defendant. Defendant has taken a suspensive appeal and petitioners have appealed devolutatively.
The record discloses that Hillary Hill and his wife Estella Hill, rented the premises located at 2007 Carnation Street, Baton Rouge, Louisiana from the Estate of Sam Vicaro, said premises being used as the residence of petitioners for over twenty years. On or about September 13, 1959 at approximately 7:00 a. m., Estella Hill was proceeding out of the rear entrance or doorway of their rented residence and, just as she stepped upon the wooden steps located at the rear entrance, the steps collapsed and gave way, throwing Estella to the ground. As a result of the said accident, Estella Hill and her husband, Hillary Hill filed this suit against the Travelers Insurance Company, which company was the liability insurer of the said residence which was owned by the Estate of Sam Vicaro. In the suit, Hillary Hill seeks judgment of $5,880 for medical expenses and loss of wages of his wife. Estella Hill, on the other hand, claims damages of $6,000 for pain, suffering and mental anguish.
Trial below was held before a jury which returned a verdict in favor of Hillary Hill in the sum of $333.70, and in favor of Estella in the sum of $750. Both the plaintiffs and defendant have appealed.
The record discloses, without any doubt, that an accident did occur, as was alleged by petitioners, when petitioner, Estella Hill attempted to descend the rear steps of her residence which was rented by petitioners from the Estate of Sam Vicaro. The jury correctly found that there was negligence on the part of the defendant’s assured inasmuch as the steps were in a very poor condition of repair. The main question, as we see it, concerns the contributory negligence, if any, on the part of the petitioner Estella Hill.
Upon trial of the matter, Estella Hill testified that, as she proceeded down the steps,. the steps pulled away from the house and were thrown out in front of her. She, upon examination at trial of the matter, attempted to show that she had very little knowledge as to the condition of the steps. However, her deposition, which was taken prior to trial of the matter, discloses without any doubt whatsoever that Estella was very familiar with the poor condition of the . steps. She testified, in the deposition, that she had requested her landlord to repair *279 the steps on some five or six occasions, which requests covered a period of some five or six months. She testified that on several occasions prior to the accident the steps had pulled away from the wall when she attempted to use them, and that they were getting worse and worse all the time. Her testimony was to the effect that the steps were “rotten to death”. Exhibits, which aré on file in the record, disclose the very badly rotted condition of the steps, and we are convinced that Estella Hill was very familiar with their condition. The evidence discloses that her privy was in the back yard, and she had to use these steps to go back and forth for relief.
The LSA-Civil Code, particularly Articles 670, 2322, 2692, 2693 and 2695 thereof, relating to the obligations and liabilities of the owners of buildings indicate that the landlords of petitioners were unquestionably negligent in their failure to maintain the premises leased to petitioners in a safe condition. However in the case Redd v. Sokoloski, La.App., 2 So.2d 266, the Court of Appeal considers the general rule relative to the maintenance of the premises by the landlord, as well as the exception thereto to the effect that when the tenant is aware of the defective condition, and the defect is of such a nature as to indicate to a reasonable minded person that the use thereof is apparently and eminently dangerous, the tenant would be guilty of contributory negligence which would defeat any recovery of any injuries sustained as a result of the defect. In the said case the Court of Appeal held that the negligence of the landlord was a remote cause of the accident, and resulting injury to petitioner, whereas the negligence of petitioner herself was the proximate cause. The reasoning of the Court in the Redd case has been followed in Prudhomme v. Berry, La.App., 69 So.2d 620; Mitchell v. Travelers Indemnity Company, La.App., 21 So.2d 198; Fontenot v. Angel, La.App., 2 So.2d 475, and Wright v. Jones, La.App., 193 So. 197.
It appears that the situation before us would fall within the purview of the rulings as set forth by the Court of Appeal in the Redd case. The testimony of petitioner herself, by way of deposition, shows without doubt that on many occasions prior to the time of the accident the steps had pulled out from the house for an inch or two upon her use thereof. She also testified in her deposition that the steps were in a visibly rotten and dangerous condition, and that she had complained of this condition to her landlord for a period of some five or six months prior to the time of the accident. In addition thereto, the record shows that the petitioner, was an obese woman of some 64 years of age. The accident, according to the testimony of petitioner upon trial of the matter disclosed that as she attempted to descend the steps, the steps again pulled out from the house and were thrown forward causing the accident. Knowing full well of the condition of the steps, it certainly appears to us that the petitioner was contributorily negligent in continuing to use the defective steps despite her knowledge of their condition. Although we hesitate to reverse the decision of the jury, the record discloses manifest error and we feel that a' reversal is in order.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed, and there will be judgment herein in favor of defendant and against petitioners dismissing this action. All costs shall be paid by petitioners.
Judgment reversed.