192 So.2d 599 (1966)
Virginia ANSLEM et vir, Plaintiffs-Appellees,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 1848.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
*600 Cavanaugh, Brame, Holt & Woodley, by Donald E. Walter, Lake Charles, for defendant-appellant.
Nathan A. Cormie & Associates, by Donald Carmouche, Lake Charles, for plaintiffs-appellees.
Before TATE, FRUGÉ, and HOOD, JJ.
TATE, Judge.
Mrs. Virginia Anslem fell when a rotted sill gave way underneath the back porch of her rented house. She and her husband sue their landlord's liability insurer for the personal injuries and medical expenses thereby occasioned. The defendant insurer appeals from judgment in accordance with jury verdict awarding Mrs. Anslem $10,000 general damages for her personal injuries and her husband $1,000 for medical expenses.
By its appeal the defendant appellant contends factually that the rotted sill was plainly exposed (and thus that the tenants' contributory negligence bars their recovery). The defendant also contends that improper rebuttal testimony was admitted, and that the awards to the plaintiffs are manifestly excessive.
1. Liability.
The applicable legal principles are not in dispute:
An owner-lessor is held to strict liability, i. e., to liability without fault, for personal injuries sustained by his tenant or others through the defective condition of the premises; neither the landowner's ignorance of the defect nor its latency will defeat the injured person's recovery. LSA-Civil Code Articles 670 and 2322 (owner), 2693 and 2695 (tenant)[1]; Morgan v. American Indemnity Co., La.App. 1 Cir., 180 So. 2d 429; Turner v. Aetna Casualty and Surety Co., La.App. 2 Cir., 175 So.2d 304, 305; Daire v. Southern Farm Bureau Casualty Ins. Co., La.App. 3 Cir., 143 So. 2d 389, certiorari denied. See also Bice v. Pennsylvania Millers Mutual Ins. Co., La.App. 3 Cir., 188 So.2d 502.
On the other hand, not every defect causing injury is actionable, only those of a nature reasonably expected to cause injury to persons using ordinary care under the circumstances. Morgan v. American Indemnity Co., cited above; St. Julien v. Fireman's Fund Ins. Co., La.App. 3 Cir., 127 So.2d 245. Likewise, although the injured person's prior knowledge of the defective condition will not by itself defeat his recovery, his contributory negligence may do so if the injured person was fully aware that the defect was so dangerous that the premises could not be used even with the exercise of due care. Gilliam v. Lumbermens Mutual Casualty Co., 240 La. 697, 124 So.2d 913; Turner v. Aetna Casualty and Surety Co., cited above; Hill v. Travelers Insurance Co., La.App. 1 Cir., 128 So.2d 277.
The great preponderance of the evidence indicates that the defendant's factual defense of non-liability is without serious merit. Mrs. Anslem, the plaintiff wife, received rather serious foot injuries when *601 the corner of the porch collapsed and she fell about five feet to the ground. The cause of the floor giving way is conceded to be a rotted sill underneath the floor. The evidence almost without dispute indicates that this latent defect could not reasonably have been observed or appreciated by the tenant as a hazard to her use of the porch.
Under the authorities cited, therefore, the trial jury's determination is clearly correct that the defendant is liable for any personal injuries sustained by Mrs. Anslem through her fall.
2. The plaintiffs' rebuttal testimony.
We likewise feel there is little merit to the defendant's-appellant's second complaint that improper rebuttal testimony was admitted over objection of counsel.
In the first place, even though the rebuttal testimony tended to support the plaintiff's evidence in chief, it was probably also admissible in rebuttal as being competent evidence to explain, repel, counteract, disprove, or contradict the defendant's witnesses as to two particular points[2] in connection with factual defenses first raised by the defendant's evidence. Land Co. v. Rudd, La.App. 2 Cir., 193 So. 230; Brewer v. Foshee, La.App. 2 Cir., 178 So. 778, modified as to other grounds, 189 La. 220, 179 So. 87; Black, Rogers & Co. v. West Monroe Ins. Agency, La.App. 2 Cir., 153 So. 601; 88 C.J.S. Trial § 101.
Further, in civil cases, in the absence of shown prejudice, the appellate courts will not ordinarily disturb the trial court's sound discretion either in the admission of rebuttal evidence which should more properly have been introduced in chief, Campbell & Co. v. Texas & P. Ry. Co., La.App. 2 Cir., 152 So. 351 (modified as to other grounds, 155 So. 786), or in the exclusion as rebuttal of cumulative evidence more properly a part of the plaintiff's case in chief, Johnson v. Nora, La. App. 2 Cir., 87 So.2d 757. See 88 C.J.S. Trial § 102.[3]
3. Quantum.
The final contention of the defendant-appellant is that the awards to the plaintiff husband and wife are manifestly excessive.
(a) Award of $10,000 to wife for her personal injuries.

Mrs. Anslem's principal injury resulted from a severe blow to the bottom of her left foot. The great preponderance of the medical evidence indicates that, as a result, she suffered a straining injury of the long ligament on the bottom of her left foot. The injury was painful for an extended period of time. It was manifested by objective symptoms, including atrophy, softtissue thickening, and discoloration. The injury occurred on September 13, 1963. Although much improved, these symptoms were still apparent two years later, on November 26, 1965, when Mrs. Anslem left the treatment of her local physician to move to Georgia.
Mrs. Anslem herself complained that as of the time of trial, March 28, 1966 (2½ years after the accident), the use of her left *602 foot is still painful and that it swells when she is on her foot much. She still wears the corrective shoes originally prescribed by an examining orthopedist. Substantial lay testimony corroborates her testimony that she now consistently walks with a pronounced limp on the outside of her foot, favoring the injured area (which she says is painful upon use), whereas she was able to walk normally before the accident.
However, a majority of this court feels that the preponderance of the medical evidence shows that the tenderness and atrophy is much improved and will be cured completely without residual. The majority finds that the residual indicated by the lay testimony is not a possible or a probable consequence of the injury. Additionally, medical testimony introduced by the defendants tends to minimize the injuries.
Much discretion is entrusted to the trier of fact in the award of general damages, which should not be disturbed on appellate review in the absence of a clear abuse thereof. LSA-Civil Code Article 1934: Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64. However, a majority of this court has concluded that the award of $10,000 for this severely sprained foot with some residual scar tissue is so disproportionate with awards made for somewhat similar injuries as to constitute an abuse of the trial court's discretion.[4]
A majority has therefore concluded that the award for Mrs. Anslem's personal injuries should be reduced to four thousand dollars ($4,000). The majority has reached this result by taking into consideration the awards for somewhat lesser injuries in such cases as Robison v. Venable, La.App. 1 Cir., 186 So.2d 636 ($2,500); James v. Childs, Division, La.App. 3 Cir., 166 So.2d 77 ($2,000); Cox v. Toye Bros. Yellow Cab Co., La.App. 4 Cir., 144 So.2d 448 ($2,000), and O'Pry v. City of Opelousas, La.App. 3 Cir., 124 So.2d 333 ($3,000), as balanced against greater awards made for somewhat more serious injuries, such as in Andrus v. Security Insurance Co., La.App. 3 Cir., 161 So.2d 113 ($5,000).
(b) Award of $1,000 medical expenses to the husband.

Although the record indicates greater medical expenses were incurred, the defendant-appellant correctly points out that medical expenses totalling $386.90 only were actually proved. These include: $21.88, Snell's; $35.02, Cole's; $35.00, Dr. Warshaw; $55.00, Dr. Hatchette; $110.00, Dr. Schneider; $130.00, Dr. LaCour. The award of special damages to the plaintiff husband must accordingly be reduced.
Decree.
For the foregoing reasons, the judgment in favor of the plaintiff wife is reduced to Four Thousand and No/100 ($4,000) Dollars and in favor of the plaintiff husband, *603 Joseph Ray Anslem, is reduced to Three Hundred Eighty-six and 90/100 ($386.90) Dollars, together with legal interest; as amended, the judgment of the trial court is affirmed in all other respects. Costs of this appeal are to be paid by the defendant-appellant.
Amended and affirmed.
NOTES
[1] The distinction between the similar liabilities of the owner and of the landlord is discussed in Green v. Southern Furniture Co., La.App. 1 Cir., 94 So.2d 508.
[2] These were: Whether a particular witness for defendant had seen the collapsed porch prior to its repair; and whether Mrs. Anslem's foot was seriously discolored on the date of a medical examination by an expert who testified his records did not so reflect.
[3] This encyclopedia summarizes the matter as follows, Section 102 at p. 216:

"The strict rule is that a party must try his case out when he commences, and cannot divide his evidence and give part in chief and part in rebuttal. Any relaxation of this rule is but an appeal to the sound discretion of the court, which must not in any case be exercised to the prejudice of the adverse party, but in cases of doubt the better practice is to admit the evidence if no injury occurs to the adverse party. One cannot be permitted to gain an unfair advantage by withholding evidence improperly, but material evidence, proper in chief, which was not kept back by trick, should not be rejected merely because not offered until rebuttal, where its reception will not prejudice the adverse party."
[4] A majority of this panel (Judges Fruge and Tate) feels that under the evidence the trial jury could reasonably accept the testimony as to Mrs. Anslem's pronounced and painful residual causing her to limp awkwardly and to suffer pain at the time of trial some two and one-half years after the accident. This takes into consideration the attending physician's vague testimony that the scar tissue may have caused some nerve pressure inside the foot, thus being a possible explanation of the residual symptoms. These judges therefore feel there is no abuse of the facttrier's discretion in the award of general damages for the reasons expressed by them in their dissenting opinions in Rusk v. Allstate Ins. Co., La.App., 167 So. 2d 205, 206; Winfree v. Consolidated Underwriters, La.App., 163 So.2d 377, 164 So.2d 183; Craft v. National Indemnity Co., La.App., 159 So.2d 770, 771, and Ballard v. National Indemnity Co., La.App., 159 So.2d 763-765. However, since the majority of the entire court has after study of the record concluded otherwise. the minority judges accede to the majority's determination. See also Supreme Court opinions reviewing the intermediate opinions in which the judges dissented. Ballard and Craft, 246 La. 963, 169 So.2d 64; Winfree, 246 La. 981, 169 So.2d 71, and Rusk, 246 La. 878, 168 So.2d 104.