SARTAIN, Judge.
This is an action for personal injuries allegedly sustained by Barbara Harrell due to a defective bathroom floor in a house which she was renting from the defendant-landowner.
She alleged that about 3:00 a.m. on January 20, 1968, she was awakened by one of her young children who was suffering from an ear infection. After comforting him, she went to use the toilet and a portion of the floor by the toilet gave way beneath one of her legs causing her to fall through the floor and resulting in the damages claimed in this suit.
It appears that the floor was in fact defective and that plaintiffs were aware of *649 this fact, at least to some extent, inasmuch as one of the children had had an accident in stepping on a rotten spot in the same board in the bathroom floor about a week before. A small part of the board had broken through but the child’s foot had landed on a pipe just below the floor, apparently preventing a more serious mishap. Plaintiff contends that the place where she fell was on a different part of the floor and was covered by linoleum at that spot.
The trial judge gave the following concise reasons for judgment:
“An examination of this record will reveal that there is an almost irreconcilable conflict in the testimony presented by the two sides, but I am satisfied that the plaintiff, Barbara Harrell, knew of the alleged defect in the floor prior to the accident and therefore, regardless of a conclusion of negligence on the part of the defendant, her own contributory negligence would bar her recovery.”
A serious question is raised by a reading of this statement. It appears that the trial judge was of the opinion that mere knowledge or awareness of the defective condition is sufficient to constitute contributory negligence in this type of case. This is not the rule which we believe has been established by the jurisprudence. We therefore have reviewed the record with the particular view in mind of determining whether a finding of contributory negligence under the rule applicable to this type of case was in fact supported by the evidence. We find ample evidence of such contributory negligence and thus affirm the judgment of the lower court.
The rule as stated in Redd v. Sokoloski, 2 So.2d 266, 268 (La.App.2d Circ. 1941), is as follows:
“ * * * where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects. If, however, he was aware of the defect causing the injury and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted.
“The second part of the stated rule, we think, is applicable to the facts of the instant case. As before shown, the generally defective condition of the floor was well known to decedent. Additionally, various factors combined to signal to him a warning of the imminently dangerous nature of the part thereof that was responsible for his fall. These included his weight of over 200 pounds; the unsupported, jagged and decayed planks that were easily observable; and the existence of a hole in the porch, created, as decedent knew, by reason of an adjoining board’s failure to withstand the presence of a small child.”
For recognition of this general rule, and the exception thereto, see Prudhomme v. Berry, 69 So.2d 620 (La.App.2d Circ. 1954); Hill v. Travelers Insurance Company, 128 So.2d 277 (La.App. 1st Circ.1961).
Plaintiff strongly contends that the evidence in the instant case does not show that the hazard was apparent or imminent or that she was unreasonable in attempting to walk across the defective floor. In support of this contention, we are referred to her testimony that she thought the floor was safe because the part of the board which broke under her weight was covered by linoleum. She also testified that her husband had laid boards across the hole created by her child’s mishap. However, her husband denied having done this at all; and she also admitted that he had not nailed any boards down because he was afraid to do so.
It is argued in plaintiffs’ brief that she and her son fell through entirely different boards, but this is not supported by the tes *650 timony or the photographic evidence, which showed that part of a single board had given way under her son, the part above the pipe, and the remainder of the same board had fallen under her. The following statement appears in the record of plaintiff’s testimony:
“Q. You said that your boy had trouble with that bathroom floor ?
A. He had knocked off half of the board.”
Another son was also questioned on the point of his brother’s previous accident:
“Q. What happened?
A. Well, we were taking a bath and he went to take off his clothes and stepped back and his foot went through the floor hut his foot landed on a pipe.
Q. Where on the floor, was it by the toilet ?
A. Yes, sir.
Q. Was it about the same place where your mother was supposed to have fallen through ?
A. Yes, sir.”
We cannot agree with the contention that one may reasonably assume that part of a board is safe for a 165-pound woman to step on, where part of that board is known to have broken under the weight of a small child, merely because the unbroken part is covered by linoleum. We believe that the defective condition in this case was apparently and imminently dangerous to such an extent that, under the rule of Redd v. Sokoloski, supra, a finding of contributory negligence is correct.
Plaintiffs also urge the doctrine of momentary forgetfulness, under which a person may be excused from the effects of contributory negligence because of sufficient mental distraction at the time of the accident. Apparently, they rely on the early morning hour and the suffering of her child as the cause of such distraction. We are not persuaded that the record shows by a preponderance of evidence that Mrs. Harrell was, at the time she was using the bathroom facilities, preoccupied to the extent that the doctrine should be applied in this case.
For the above reasons, the judgment of the lower court is affirmed at plaintiffs’appellants’ costs.
Affirmed.