GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing plaintiff’s suit for damages due to personal injuries allegedly sustained by him as a result of an accident occurring on April 19,1976, when a hydraulic automobile lift dropped. Plaintiff was employed as a mechanic at the time of the accident and was inspecting a vehicle for repairs when the accident occurred. The following legal and natural persons were parties to the suit:
1. Paul Caraccroli (various spellings throughout the record) — Operator of the University Shell Service Station — Plaintiff’s employer and lessee of the premises under a lease with Shell Oil Co.
2. Traveler’s Insurance Co. — Caraccroli’s workmen’s compensation insurer.
3. Shell Oil Co. — Owner—lessor of the premises and maintained a service contract with Caraccroli and with Beacon Enterprises.
4. Beacon Enterprises — held a service maintenance and repair contract prior to the accident.
5. American Mutual Liability Insurance Co. — Beacon’s insurer.
6. Aetna — Shell Oil Co.’s insurer.
7. Gremillion Service Station Maintenance, Inc. — held a service, maintenance and repair contract after the accident.
8. Western Manufacturing Co. — Manufacturer of the lift. Western was never served and was dismissed as a party.
9. Milledge Audley Reece — the plaintiff.
The district court judgment was rendered in conformity with a jury verdict. Two juries were impanelled; the first was dismissed and mistrial declared when one juror was discovered to have seen hydraulic lifts fall béfore and made remarks to that effect in the presence of the other jurors. The judgment rendered pursuant to the verdict of the second jury granted judgment in favor of Beacon Enterprises, Inc. and Shell Oil Company. Additionally, directed verdicts were granted in favor of Aetna Casualty Company, and Gremillion Service Station Maintenance, Inc. and all incidental demands were dismissed. From that judgment, which we affirm, plaintiff appeals.
On appeal plaintiff argues that the trial court erred in failing to instruct the jury on the issue of legal fault under C.C. Art. 2322, as requested by plaintiff, that the trial court erred in granting a mistrial on the first jury and that it erred in failing to hold Shell Oil Co. liable under C.C. Art. 2322 and Olsen v. Shell Oil Company, 365 So.2d 1285 (La.1979).[1]
I FAILURE TO INSTRUCT THE JURY
Upon review of plaintiff’s proposed jury charges, we note that two of his charges dealt with C.C. Art. 2322 liability. The first charge reads as follows:
“Under Louisiana law, by general rule, the owner of a building is answerable for the damage occasioned by its ruin, when this is caused by negligence to repair it, or when it is the result of a vice in its original construction.
L.S.A. Civil Code Article 2322; Gilliam v. Lumberman’s Mutual Casualty Co., 119 So.2d 657, La.App. (1960).” (Tr.Vol. II, p. 323).
We have reviewed the Gilliam case, supra, and note that it deals with negligence and contributory negligence under C.C. Art. 2322. It does not discuss legal fault under that Article.
Plaintiff’s second proposed jury charge dealing with C.C. Art. 2322 is a verbatim *694 repetition of that article. (Tr.Vol. II, p. 324).
None of plaintiff’s proposed jury charges cite the Olsen case or specifically mention legal fault under C.C. Art. 2322. A number of his jury charges dealt with distinction such as invitees, business invitees, licensees and the duty of the landlord to discover defects and warn persons on the premises. However, these distinctions are based on actions in negligence and have, additionally, been repudiated by Louisiana courts. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La., 1976).
Article 1793 of the Code of Civil Procedure requires that proposed jury charges be written. Additionally, counsel must object to the trial judge’s failure to give a jury charge in order to raise this issue on appeal:
“At close of the evidence or at an earlier time during the trial as the court reasonably directs, a party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its pro.posed action upon the requests prior to their arguments to the jury.
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
In the instant appeal not only did counsel fail to object, but also no Olsen charge was submitted in writing. We note that the trial judge did read C.C. Art. 2322 to the jury in the course of his charge (Tr.Vol. IV, p. 89) and instructed the jury on negligence theory, but counsel’s failure to timely object means that this court cannot consider this issue on appeal.
II ERROR IN GRANTING A MISTRIAL
We note that by the stipulation of all counsel the recordation of voir dire was waived. Accordingly, we do not have a transcript of the juror’s alleged prejudicial remarks before us in this record. The trial judge “went on the record” when he declared a mistrial (Tr.Vol. Ill, pp. 5-8) and provided this court with his reasons as well as his memory of the juror’s remarks. We find that, both as a practical matter and as a point of law, we cannot review language which is not part of the record before us. Unlike some technical rulings made by this court where there is no transcript before us (example: Exceptions of no right of action), the very essence of this specification of error is the precise language used. In the absence of a transcript, we are unable to make any finding that the trial judge clearly abused his discretion on this matter.
Ill ERROR IN FAILING TO HOLD SHELL LIABLE
Finally, we note that appellant argues that the trial court erred in failing to hold Shell liable. In the instant case, the “trier of fact” was the jury. On factual questions, this court is bound by the manifest error rule. After a full review of the evidence and testimony contained in the record, we find that the record establishes that the findings of the jury are not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978). In spite of the presence of some evidence which, if believed, would not support the jury verdict, we find more than sufficient evidence indicating that the jury was not clearly wrong.
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.

. In Olsen, the United States Court of Appeals for the Fifth Circuit certified five questions to the Louisiana Supreme Court. In answering those questions, the Supreme Court stated that “(i)n the absence of another statute providing otherwise, the strict liability under Article 2322 .. . imposes a non-delegable duty . .. (for) repair and ... for harm caused by any defect in the structure or its appurtenances.” At 1291.