527 So.2d 28 (1988)
Michael GASPARD, Individually, and as Tutor of Angel and Holly Gaspard, Plaintiffs-Appellees,
v.
PARGAS OF EUNICE, INC. and Southern Farm Bureau Casualty Insurance Company, Defendants-Appellants.
No. 87-218.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Young, Burson, Ortego, Hoychick & Aguillard, I. Jack Burson, Eunice, for plaintiffs-appellees.
Edwards, Stefanski, Barousse, Cunningham, Stefanski & Zaunbrecher, James M. Cunningham, E. Byrne Edwards, Crowley, for defendants-appellants.
Roy & Hattan, L. Lane Roy, Lafayette, for defendant-appellee.
Before GUIDRY, DOUCET and KNOLL, JJ.
DOUCET, Judge.
Plaintiffs, the Gaspards, filed suit against defendants for personal injuries they sustained as a result of an explosion and fire which occurred in a house that they were leasing. The home was owned by Dr. F.G. DeRouen. The explosion occurred as the Gaspard family was engaged in moving into the leased premises.
The facts show that prior to the accident, the Gaspard family was doing some renovations on the home that they were leasing, namely, some construction work on the floor and roof. On April 19, 1979, Irving Earl Belleau and Albus Hebert, employees of Pargas of Eunice, Inc., arrived at the Gaspard residence at approximately 7:00 a.m. in order to deliver fifty (50) gallons of LP gas to them. The two men filled the tank located at the Gaspard house with the gas that they delivered. No inspection of any sort was performed on the premises to determine whether it was safe to dispense the gas, nor was any warning given to the occupants concerning any of the dangers involved.
Approximately one hour later, Richard Gaspard, an occupant of the home, went out to the gas tank and turned on the main valve in order to allow the gas to flow into the house so that he would be able to light the pilot light on his gas stove. When Gaspard returned to the kitchen, he attempted to light the pilot light. When he struck the match, an explosion occurred. It was established at trial that the explosion was caused by the absence of a cap or stop-cock on an open gas line which was located on the premises. It was also established at this trial that this condition existed for quite some time. Gaspard was knocked to the floor by the explosion and fire which was concentrated mainly in the kitchen and den area. Additionally, Gaspard's *29 two nieces who were in the kitchen with him were severely injured.
Plaintiffs filed suit against defendants to recover for the injuries they received. Pargas of Eunice, Inc. and Southern Farm Bureau Casualty Insurance Company (Dr. DeRouen's insurer) settled the claims with the Gaspards, however, Pargas and Southern Farm Bureau reserved to themselves the right to have their liability vis-á-vis each other judicially determined.
A trial on the merits was held wherein the trial judge originally apportioned the damages so that Dr. DeRouen and his insurer, Southern Farm Bureau, would be cast for one-third (1/3) of the damages and Pargas would be cast for two-thirds (2/3) of the damages. The judgment was later amended when the trial judge became aware that the explosion which is the subject of this suit occurred prior to the promulgation of Louisiana's comparative negligence law. Thereafter, the trial judge amended her reasons for judgment to remove any reference to apportionment of fault in her original reasons for judgment. In the actual judgment, the trial judge found Dr. DeRouen and Pargas to be joint tortfeasors and were thus held to be jointly liable. It is from this judgment that appellant, Southern Farm Bureau, appeals.
On appeal, Southern Farm Bureau urges that "The trial court committed reversible error when it found that Pargas of Eunice and Dr. DeRouen (owner of the premises and insured of Southern Farm Bureau) were joint tortfeasors and thus jointly liable for the damages incurred by the original injured plaintiffs." We disagree.
As previously stated, it was established at trial that the explosion occurred due to an open gas pipe in the Gaspard home. While the origin or cause of the explosion is generally undisputed, the question of who is responsible for the damages arising out of the accident is. The two competing areas of law with regard to this issue are the laws with respect to the lessor's obligations to his lessee versus the laws regarding the high duty owed by businesses such as Pargas to its customers.
With respect to Pargas, it does not contest that it is partially liable for the damages sustained as a result of the accident. Pargas only objects to the possibility of being held solely liable. Thus, the relevant inquiry is whether any fault is attributable to the lessor, Dr. DeRouen.
It is well established that an owner-lessor is held in strict liability for personal injuries sustained by his lessee as a result of a defect in the leased premises. This liability attaches whether or not specific fault on his part can be shown. Thus, neither his ignorance of the defect nor its latency will defeat the injured tenant's recovery. La.C.C. arts. 2322, 2693, and 2695; Smith v. Hartford Acc. & Indem. Co., 399 So.2d 1193 (La.App. 3rd Cir.1981), writ denied 406 So.2d 604 (La.1981); Anslem v. Travelers Insurance Company, 192 So.2d 599 (La.App. 3rd Cir.1966); Wexler v. Occhipinti, 378 So.2d 1073 (La.App. 4th Cir. 1979), writ denied 381 So.2d 1232 (La. 1980).
Southern Farm Bureau argues that they nevertheless are not liable to the Gaspards because their injuries were solely a result of Pargas' negligence. We find no merit in that argument. It is true that in certain instances an owner may be exculpated from strict liability if the victim is injured not by reason of the defect, but instead because of the fault of some third person. Loescher v. Parr, 324 So.2d 441 (La.1975). However, this is not such a case.
In order for the fault of a third person to exonerate an owner-lessor from his own obligation importing strict liability as imposed by La.C.C. arts. 2322, 2693, and 2695, the fault must be the sole cause of the damage. It must be of the nature of an irresistible and unforeseeable occurrence, and the resulting damage can have no causal relationship whatsoever to the fault of the owner-lessor in failing to keep his building in repair. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978). In the case at hand, there is clearly a direct causal relationship between Dr. DeRouen's failure to keep his home in repair and the injuries that the Gaspard's suffered. Therefore, Pargas' fault cannot absolve Dr. DeRouen of his own liability. Hunt v. City Stores, Inc., *30 387 So.2d 585 (La.1980). Thus, appellant's assignment of error is without merit.
Southern Farm Bureau cites Carlyse v. Aetna, 248 So.2d 64 (La.App. 1st Cir.1971) as authority for the proposition that they should not be held liable for the damages received by the Gaspards, however, we find the more recent Supreme Court case of Olsen, supra, to be controlling.
Accordingly, for the foregoing reasons, the judgment of the District Court finding Dr. DeRouen and Pargas to be joint tortfeasors and thus jointly liable is affirmed. All costs of this proceeding are assessed to appellant.
AFFIRMED.